Henderson *v*. Morrison.

OCTOBER 26, 1802.

# Robert Henderson *v*. D. and I. Morrison.

*Upon an appeal from a judgment of the Danville District Court.*

1. Independently of the statute the assignee of a bond, with a collateral condition, can not maintain an action thereon in his own name against the obligor.

2. In actions of debt on bonds with collateral conditions appearance bail is demandable.

3. The law authorizes the taking of the common order against appearance bail.

4. No judgment can be taken against appearance bail unless the sheriff shall indorse the name of the bail on the writ, and return it, together with a copy of the bail bond, to the clerk's office before the appearance day.

The first error assigned is, " that the assignee of a bond with a collateral condition is not authorized to bring a suit thereon in his own name, where the bond was executed and the assignment made previous to the passage of the act of assembly passed in 1798." And of this opinion is the court, for that act must, from the wording of it, have a prospective construction.

The second error is, "that in actions of debt on bonds with collateral conditions, appearance bail is not demandable by law." The construction of the act of assembly contended for by the plaintiff's counsel is by no means clear; the words of the law by this construction are ambiguous and doubtful; therefore, the court will not change a construction which has been uniformly placed on this law by the practice adopted throughout this state; the same answer may be given to the third error, which states that the law does not authorize the taking a common order against appearance bail. This practice has been universally adopted in Virginia for upward of fifty years, and uniformly followed in this state, and if any evil results from the practice in either case, it must rest with the legislature to correct it.

The fourth error is, "that the sheriff has not endorsed the name of the bail on the writ, and judgment is taken against the appearance bail." The law requires that the sheriff shall return on the writ the name of the bail by him taken and a copy of the bail bond to the clerk's office before the day of appearance, and provides that if he fails to do it, he may be proceeded against in the same manner as the plaintiff could proceed against the bail. Therefore, it is considered by the court, that the judgment aforesaid be reversed and set aside, and that the appellant recover of the appellee his costs in this behalf expended, which is ordered to be certified to the said court.