## Huston v. Plato.

1. Where a plaintiff adopts the ancient form of declaring upon a *warranti-zando vendidit*, alleging a *scienter*, he may recover upon the express contract, or for the deceit if the *scienter* be proved.　Such a declaration has a two-fold aspect.

2. The admission of oral evidence of a warranty not so comprehensive as the written warranty could not prejudice the warrantor in an action against him, and is not a ground of reversal.

3. If an animal has at the time of sale patent defects apparent upon casual inspection, or any defect known to the buyer, such defect would not usually be covered by a general warranty.

4. A mare afflicted with navicular disease is unsound, and although the vendee at the time of the sale knew of her lameness, yet the true cause not being apparent, *held*, a breach of general warranty.

5. The measure of damages for a breach of warranty in the sale of a chattel is the same whether the action sound in *tort*, or in contract, and should be governed by the ordinary rule.

6. When the vendee of an animal, after discovering its unsoundness, tenders it back to the vendor, who declines to accept it, the vendee may recover the expense of keeping over such reasonable time as will be necessary to make a fair sale.

7. On a trial to the court, it must be presumed that the court, in the determination of the facts, rightly applied the law governing the case.

8. When the plaintiff holds the affirmative of any one of several issues, he is entitled to begin and reply.

9. The refusal of the court to permit the defendant to interfere with the usual course of a trial, by breaking in upon the plaintiff's case, and interposing a defense before the plaintiff has rested, is not assignable for error.

10. The question as to whether an alteration of an instrument, offered in evidence, had been made, as well as the time when, and for what purpose, is ordinarily a question for the jury.　When the trial is by the court, without a jury, the alteration and its materiality is for the court.

### *Error to Probate Court of Arapahoe County.*

On the 9th day of August, 1873, the defendant in error, John B. Plato, bought of Eli Huston, plaintiff in error, and his son, who were doing business as E. Huston & Co., a certain mare, with the following warranty :

"DENVER, *Aug.* 9, 1873.

"*John B. Plato, Esq.:*

"Bought of E. Huston & Co., one dark bay mare, black mane, tail and legs, five years old, for the sum of one hundred and fifty dollars, ($150) which said mare I warrant to be kind, true and sound in every particular.

"E. HUSTON & Co."

The mare proved to be worthless, being afflicted with an incurable disease ; and Plato ceased to use her entirely after November 22d ; less than four months after he had purchased her. He also tendered the mare to Huston, after having become satisfied of her condition, but the latter refused to receive her. Plato thereupon brought his action, and recovered judgment.

Messrs. BLAKE & JACOBSON, for plaintiff in error.

Messrs. FRANCE & ROGERS, for defendant in error.

THATCHER, C. J.   This is an action on the case sounding *in tort.* It is, however, founded upon an express warranty that the mare sold was kind, true, and sound in every particular. The warranty was incorporated into the bill of sale. The plaintiff, following the old precedents, declares upon a *warrantizando vendidit.* The *scienter* of the vendor that the mare was not as warranted is averred. The warranty is alleged to have been made *false et fraudulenter.* Upon proof of the express warranty and the breach thereof, in the absence of fraud or deceit, is the plaintiff entitled to recover in this form of action ? Had there been no warranty and had deceit in the sale been relied on, deceit would have been the gist of the action, and necessarily must have been established to entitle the plaintiff to recover. *Bayard* v. *Malcolm,* 1 Johns. 460.

But here the action rests upon a warranty in writing expressed. The warranty is the material averment. The

gravamen is not laid on the deceit, but on the breach of the warranty. It is a general rule that whatever averments may be stricken out without defeating the plaintiff's cause of action, are not deemed material. If the words in this declaration, imputing fraud or deceit, had been omitted, the plaintiff's right of action would in our view still be complete. *Williamson* v. *Allison*, 2 East, 451 ; *Gresham* v. *Postan*, 2 Carr. & P. 721 ; *Vail* v. *Strong*, 10 Ver. 462.

In the case last cited, Mr. Justice PHELPS, speaking for the court, says : " The plaintiff may adopt the ancient form of declaring upon a *warrantizando vendidit*, alleging a *scienter* of the falsity of the warranty, and in this case he may recover, either upon the express contract, or if the *scienter* be proved, for a deceit. Such a declaration has a two-fold aspect. If a warranty be proved, it binds the defendant *proprio vigore*, and the defendant is liable if the warranty is broken. And as every such warranty includes a representation, if it be willfully and knowingly false, the deceit is made out.  *  *  *  *  Such is the declaration in this case. The representation relied on in this case consists in the false warranty, which is a part of the contract. The action is therefore founded on the contract, which must be proved as laid."

In recognition of this doctrine the supreme court of Massachusetts (*Salem India Rubber Co.* v. *Adams*, 23 Pick. 266) holds that a failure in an action in the present form, would be a bar to an action of assumpsit, on the ground that "the same evidence would support both actions, and the damages recovered in one would be a satisfaction of those claimed in the other." See, also, *Norton* v. *Doherty*, 3 Gray, 372.

For the purpose of proving the warranty, as it was reduced to writing, recourse could properly be had only to the written instrument itself, as the best evidence of the final agreement of the vendor and vendee. If this salutary rule of evidence has been violated in this case, it was in so slight a degree and in such a manner as to be entirely

harmless to the defendant. The admission of oral evidence of a warranty not so comprehensive as the written warranty could not prejudice the warrantor, and is, therefore, no ground of reversal. The court did not err in admitting evidence as to the condition of the mare at the time of sale. This was, in fact, an important inquiry. If, at that time, the mare had any patent defects, apparent upon casual inspection, or any defects known to the buyer, such defects would not usually be covered by a general warranty. Benjamin on Sales, § 616.

That, within the knowledge of the vendee, the mare was, at the time of the sale, affected with slight lameness in one leg, is fully proved and not disputed; but as to the cause of the lameness, and whether, having reference to its cause, it would be temporary or permanent, there is great conflict of evidence. The plaintiff introduced evidence to the effect that the mare was afflicted with the navicular disease at the time of sale; that although he knew of her slight lameness, the true cause thereof was not apparent until after the sale; that an examination by a veterinarian surgeon several months after the sale disclosed the fact that although not so readily observable, the mare was actually, at the date of the warranty, afflicted with the navicular desease, which, growing worse with the lapse of time, had rendered her unfit for use; that in consequence of her unserviceable condition he ceased to use her altogether, and sent her out upon a ranch. If the mare had the navicular disease when Plato purchased her, she was at that time unsound, and the warranty was broken. Benjamin on Sales, § 620; *Bywater* v. *Richardson*, 1 Adol. & El. 508.

Now if credence be given to the testimony in behalf of the plaintiff, there was no unsoundness plainly apparent to the vendee. Mere lameness, which may be casual and temporary, would not necessarily constitute unsoundness. If the lameness, however, resulted from a latent disease, which could not be cured by speedy remedies, the warranty covered it. That such was the character of the lameness the court may well have found from the evidence in behalf of

the plaintiff. As the trial was to the court, it was for the court to determine the credibility of witnesses, and the weight of evidence. In this respect the functions of the court·trying the facts are not different from the functions of a jury, when the trial is to the jury. We cannot say either that the finding of the court is unsupported by evidence, or that it is so manifestly against the weight of evidence as to make it the duty of the court to order a new trial.

The measure of damages for the broken warranty is the same whether the action *sounds* in *tort*, or in contract. The ordinary rule is that the damages shall be measured by the difference between the actual value of the article at the time of the sale, if it had been as warranted, and its value with the defect. In addition to this measure of relief the plaintiff in this case might also recover the expenses of keeping the mare, if the court was satisfied from the evidence that the plaintiff had tendered the mare back to the vendor after discovering her unsoundness, and the vendor had declined to accept her. These expenses would extend from the date of the offer to redeliver to the vendor, over such a reasonable period as might, in view of all the circumstances, be necessary to make a fair sale of the mare.

In the case of *Ellis* v. *Chinnock*, 7 Carr. & P. 169, Mr. Justice COLERIDGE says: "With respect to the keep of the horse, I am of opinion, that if a person has bought a horse with a warranty which has been broken, and he tenders the horse to the seller, and the seller refuses to receive it back, the buyer is entitled to keep it a reasonable time till he can sell it, and for that time he may recover the expenses of keeping it, but he must not keep it as long as he chooses. All that he is allowed to do, is to keep for a reasonable time till he can fairly sell it, and for that time he ought to be allowed for keeping it." This doctrine seems to rest on a sound foundation. *Caswell* v. *Coare*, 2 Camp. 82; *Caswell* v. *Coare*, 1 Taunt. 566; *McKenzie* v. *Hancock*, 21 E. C. L. 790; (Ryan & Moody, 436); *Seibles* v. *Black-*

*well*, 1 McMul. (S. C.) *55 *McGavock* v. *Wood*, 1 Sneed, 181 ; *Woodward* v. *Thatcher*, 21 Vt. 583.

To what evidence the court gave credence, and what evidence it rejected, where there was a conflict that could not be reconciled, we need not inquire. It is enough to know that in view of all the evidence, considered with reference to correct principles of law, the finding of the court might properly have been made. It must be presumed that the court, in the determination of the facts, rightly applied the law governing the case. In other words, the finding of the court, so far as its impregnability is concerned, sustains the same relation to the evidence sustained by a verdict of a jury, to whom had been given by the court the most unquestionable charge as to the law applicable to the case.

It is unnecessary to inquire into the legal sufficiency of the special plea to which a demurrer was allowed, as the same defense was not only admissible under the general issue, but as the record evinces, was in fact interposed. The defense sought to be set up by the remaining special plea, which was allowed to stand, was available under the general issue.

If the plaintiff, as in this case, holds the affirmative of any one of several issues, he is entitled to begin and reply. 1st Greenleaf's Evidence, § 74, 13th ed. The court, therefore, did not err in precluding the defendant from opening and closing the case.

The plaintiff's counsel, after Plato had identified and testified to the due execution of the bill of sale of the mare, incorporated in which was a warranty of its soundness, offered it in evidence. Counsel for defendant here proposed to call, in his own behalf, a witness (the plaintiff still being on the witness stand, and not yet having rested) to prove that the words "in every particular," were added to the warranty after the same had been signed. It does not appear that there was any erasure or interlineation. It is not pretended that the instrument was not fair on its face. Plato had testified that after its execution it had not been altered. The

refusal of the court to permit the defendant to interfere with the usual course of the trial, by breaking in upon the plaintiff's case, and interposing a defense before the plaintiff had rested, is not assignable for error. The order of the trial is largely controlled by the discretion of the court, and in this case we cannot say that it was improperly 'exercised. It was competent for the defendant to have shown, after the plaintiff had rested, if such was the fact, that certain words were added to the warranty after it was executed. But this was not attempted. The question as to whether an alteration had been made, as well as the time when, and for what purpose, is ordinarily a question of fact for the jury (*McCormick* v. *Fitzmorris*, 39 Mo. 34), but the question as to the materiality of the alteration is for the court. *Stephens* v. *Graham*, 7 S. & R. 505. Here the question of alteration as well as the question of its materiality, a jury being dispensed with, were both for the court. But as the defendant failed, after the plaintiff rested, to introduce any evidence tending to show an alteration, no circumstances of suspicion appearing upon the face of the warranty, the court was not called upon to pass upon either the question of fact or the question of law.

As we fail to discover any error in the record that could prejudice the plaintiff in error, the judgment of the court below will be affirmed.

*Affirmed.*