## MACK v. JACKSON ET AL.

1. In an action on an injunction bond to recover damages for loss of plaintiff's crops by reason of his being restrained from using the water in a certain ditch, the evidence showed that there was a great scarcity of water, and that it could not have reached plaintiff's land, whereupon a verdict for nominal damages was rendered. *Held*, that such verdict would not be disturbed.

2. Where a party sues for damages caused by being restrained from using the water from a certain ditch, if it is shown that he could have obtained sufficient water from another source, he will not be entitled to receive a greater sum than he would have had to expend to obtain water from such source.

### *Error to District Court of El Paso County.*

THIS is an action brought by Mack against Jackson and others on an injunction bond. The injunction was issued at the suit of Jackson against Mack, restraining him from the use of water in a certain irrigating ditch described in the bond " as the first head of the Moore ditch." The injunction was subsequently dissolved, and the plaintiff, by this suit, seeks to recover damages for the loss of his crops by reason of the issuing of the injunction. The case was tried to a jury, and the verdict was for the defendant. The court, notwithstanding the verdict, with the consent of the defendant, gave judgment for the plaintiff for one dollar nominal damages. The plaintiff brings the case to this court by writ of error.

Mr. JOHN B. COCHRANE, for plaintiff in error.

Mr. J. L. WILLIAMS, for defendants in error.

ELBERT, J. The uncontradicted testimony of all the witnesses who testify upon the subject is to the effect that there was a great scarcity of water in the Fountain, the stream from which the ditch in question was taken; that, while there was some supply of water at what are called the "lower" and "middle heads" of the ditch, at the "first head," to which the injunction alone applied,

the scarcity of water was such that the plaintiff could not have irrigated his land therefrom had the injunction never issued; that there was but little or no water obtainable through this first head; that the distance to the plaintiff's land was about two miles; and that there was not enough water in the ditch to reach his land. The plaintiff made no effort to controvert these facts. In view of this evidence, we see no reason for disturbing the verdict of the jury. The court, notwithstanding the verdict, entered judgment in favor of the plaintiff for *nominal damages*, with the consent of the defendant. This obviates the objection that the court refused to instruct the jury that the plaintiff was entitled to recover nominal damages. The instruction, however, which the plaintiff claims to have asked in this behalf, is so blind as to leave its meaning in doubt, and was properly rejected.

The following instruction is objected to: "In passing upon the question of damages, and in considering the evidence, you may consider whether or not the plaintiff might have obtained water through another ditch readily and at slight expense; and if he could have obtained sufficient water through some other source to have prevented the injury, he is not entitled, it seems to me, to recover a greater sum than it would, under the evidence, have reasonably required for him to have expended in procuring the water from such other source, thereby preventing the injury complained of in this case." This instruction was pertinent to certain evidence, to the effect that the plaintiff could have secured water for his crops at points on the stream lower down, nearer his ranch, through the middle and lower heads of the ditch, the use of which the injunction did not forbid. It is a rule that one cannot recover for an injury which he might by reasonable precautions or exertions have avoided. Sedg. Dam. 105.

The judgment of the court below is affirmed.

*Affirmed.*