## The Denver, Texas & Fort Worth Railroad Company v. Dotson.

1. Water Rights—Appropriations.

A valid appropriation of water may be made from a canon, notwithstanding it is not a running stream and the water comes entirely from the rainfall in the surrounding hills.

2. Same.

In the absence of testimony tending to show that the ditch in question was of the character contemplated by sec. 2265, Mills' An. Stats., an objection to the validity of an appropriation on the ground of failure to file a map and statement as required by that section is untenable.

3. Same.

The object of the provision of the statute requiring the filing of a map and statement by a ditch owner being for the purpose of fixing priority of appropriations, the want of such a record cannot be invoked by one party to justify the destruction of a ditch owned, occupied and used by another.

4. Public Land—Right of Way for Ditches.

One acquiring a part of the public domain subsequent to the construction of an irrigating ditch thereon by another, takes the land subject to such easement.

5. Measure of Damages.

The measure of damages for the destruction of a private irrigating ditch is the difference in value of the land belonging to the ditch owner without the ditch and with it.

*Appeal from the District Court of Las Animas County.*

THE facts upon which a recovery is predicated are in substance as follows : The plaintiff held the possessory right, by virtue of a compliance with the preëmption laws of the United States, to 160 acres of land situate in Las Animas county.   The land is in the arid region, and in order to cultivate it, it was necessary to procure an artificial supply of water to irrigate the crops grown thereon.   That during the year 1887, appellee constructed an irrigating ditch for the purpose of taking water from the Canon de Agua at a point three miles above the land.   In constructing the ditch he expended the sum of $1,000.   That on or about August 1, 1888, the defendant company constructed its railway over and across the ditch in such manner as to destroy it and to entirely cut off the supply of running water therein.   The ditch was built on public land, and after its construction and prior to its destruction by the company, one Rinker procured the title to the land from the government of the United States, and conveyed to defendant company a right of way over it.

The Canon de Agua is not a running stream, but the water in the canon comes entirely from the rainfall in the surrounding hills.   By the use of the water so collected, appellee could irrigate a large portion of his land.   The case was tried to a jury, and the destruction of the ditch by the company being admitted, the only question submitted for their determination was the extent to which the lands of plaintiff were depreciated in value thereby, and under an instruction that the difference in the value of the land without the ditch and with the ditch was the measure of damages that plaintiff was entitled to recover, their verdict was in favor of appellee for the sum of $965.   Motion for a new trial being overruled, judgment was entered upon the verdict for that amount.   From this judgment the company appeals.

Messrs. TELLER, ORAHOOD & MORGAN, for appellant.

Mr. James M. John, for appellee.

Mr. Justice Goddard delivered the opinion of the court.

The errors relied on for a reversal of this judgment are: *First*, the refusal of the court to give certain instructions prayed for by appellant, which present as matters of defense the validity of appellee's appropriation of the water in question; 1st, for the reason that the canon from which the appropriation was made was not a running stream; and, 2nd, because of a failure on his part to file a map and statement, as required by section 2265 of Mills' An. Stats. And, *second*, because of the refusal of the court to instruct that the measure of damages was the outlay and expenditure plaintiff would be put to in constructing another ditch, or in procuring water for irrigating his land from any other source.

So far as the first objection is concerned, we think the appropriation was a valid one under section 2269 of Mills' An. Stats. The second is not tenable for two reasons: 1st, there is no testimony tending to show that the ditch in question was of the character contemplated by section 2265, and of which the owner is required to file a map and statement, as therein provided; and, 2nd, the object of that provision being for the purpose of fixing priority of appropriations, the want of such a record cannot be invoked by appellant to justify its destruction of a ditch owned by and in the actual occupation and use of appellee. The court, therefore, committed no error in refusing to instruct the jury as prayed for by appellant in this particular. We think the court correctly instructed the jury as to the measure of damages, and the instruction prayed for by appellant was properly refused. It appearing from the uncontradicted testimony in the case that appellee located the ditch in question on the public domain, the land acquired by Rinker from the government subsequently thereto was subject to such easement, and his deed to appellant conferred no right upon it to interfere with the same. And it being admitted that by its act it destroyed the ditch, we think

the court correctly submitted the question of the amount of damages to the jury as the only issue in the case, and they, under proper instruction, having decided that issue upon the testimony introduced in favor of appellee, their finding is conclusive, and the judgment thereon cannot be disturbed. The judgment is accordingly affirmed.

*Affirmed.*