# No. 16,304.

## CITY AND COUNTY OF DENVER *v.* NOBLE.
(237 P. [2d] 637)

Decided October 22, 1951.   Rehearing denied November 19, 1951.

Mr. J. GLENN DONALDSON, Mr. HAROLD MACARTHUR, Mr. GLENN G. SAUNDERS, Mr. ARTHUR C. GREGORY, for plaintiff in error.

Mr. A. D. QUAINTANCE, Mr. WILLIAM JOHNSON, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

IN the district court defendant in error was plaintiff, and plaintiff in error was defendant. We shall refer to them as they appeared in that tribunal.

In her amended complaint plaintiff alleged that she was the owner of a ten-acre tract of land in Jefferson county, Colorado; that in 1936 the defendant municipal corporation by constructing and widening West Alameda Avenue at the point where the same passes the vicinity of plaintiff's property, took, appropriated to its own use, damaged and destroyed a certain irrigation ditch used for conveying five inches of water, being the water represented by 5/40ths of one share which plaintiff owns in the Agricultural Ditch, which is the property of, and has been previously used by, the plaintiff to carry water to her premises; that by reason of said taking and destruction of her irrigation ditch, plaintiff had been damaged in the sum of $24,000. Issue was properly joined. In 1948 the cause proceeded to trial to a jury, which returned a verdict in favor of the plaintiff in the sum of $9,000. Defendant brings the case here for review.

This action was instituted in 1941, about five years after the ditch through which plaintiff conveyed her water had been destroyed in order to construct the West Alameda Highway, and a new ditch had been constructed for plaintiff by defendant. The case came to trial in 1948. Nowhere in the record does it appear that defendant delayed the action, and the trial court at no time

required plaintiff to show cause why the action should not be dismissed for failure to prosecute.

We need only consider the specifications relating to instructions given concerning the measure of damages. The following, numbered 11, 13 and 14 were the only instructions given by the trial court to guide the jury in determining the amount of plaintiff's recovery.

### Instruction No. 11

"Plaintiff is entitled to the use and enjoyment of her land for the highest and best use to which it is adapted, and if you find from all the evidence that the plaintiff has been deprived of her irrigation water which she had always heretofore enjoyed during the eight years she had owned the property because of the construction of a new ditch, and the change of the point of diversion of her water to said new ditch, then your verdict shall be for the plaintiff and you will assess her damages in such amount not exceeding $30,000.00, the amount prayed for in the complaint, as you may believe from the evidence she has sustained."

The court by this instruction specified no measure of damages, neither did it give the jury a formula by which it could assess plaintiff's damages, except the general statement that damages should not exceed $30,000.

### Instruction No. 13

"You are instructed that if you find from a preponderance of the evidence *that the* action of the City of Denver in changing the point of diversion of plaintiff's water *made it impossible for plaintiff to secure her five inches of water, then you may take into consideration in awarding damages, the cost to make her irrigation system as efficient as it was before the City of Denver changed her point of diversion and if the preponderance of the evidence shows that her irrigation system cannot be made as efficient as before then you must compensate the plaintiff for the difference."* (Emphasis supplied.)

By this instruction the court fixed the measure of damages as the cost to plaintiff to make her irrigation

system as efficient as it was before the point of diversion was changed, and if this could *not* be done the jury then was instructed that they must "compensate the plaintiff for the difference," and nowhere in any of the instructions is "the difference" defined, or again mentioned.

■ Had it been shown that by reason of the destruction of the existing ditch, through which plaintiff's water was formerly conveyed to her land, no other ditch could be constructed to convey the water to her premises, then the measure of damages would be the difference between the value of her land with the water and its value without the water, less the reasonable market value of her water stock. *Denver, Texas & Fort Worth Railroad Co. v. Dotson,* 20 Colo. 304, 38 Pac. 332. Instruction No. 13 is not in harmony with this rule.

Instruction No. 14

■ "In an action for damages for obstructing plaintiff's use of water for irrigation, the measure of damages to her crops is the difference between the amount realized from them and the amount that would have been realized had the water not been interfered with, less the added cost of raising, harvesting and marketing them." There was no evidence introduced to show the cost of "raising, harvesting and marketing" the crops. Neither was there any reasonably definite evidence of the value of crops grown, or which might have been produced, on plaintiff's land.

By this instruction the court authorized the jury to assess damages on the theory of loss of crops because plaintiff did not have water for her land, and no time limit was, by this instruction, placed on her right of recovery on this theory. In the original complaint, later modified, plaintiff alleged that she would continue to be damaged *each year she owned such property* in the sum of $3,000 by reason of not having the water to use upon her land. It is difficult to conceive a situation, in the light of Mr. Prouty's testimony, to which we hereinafter refer, that plaintiff could not get the water to her land.

The court also gave Instruction No. 10, as follows: "You are instructed that it is the duty of one who has been injured by another to take all reasonable steps necessary to mitigate the damages which have been done to such person."

It therefore appears that the instructions relating to the measure of plaintiff's damages by reason of the loss of her original point of diversion, were inconsistent, contradictory, and under the evidence submitted by plaintiff, permitted the jury to speculate as to the proper measure of damages.

■ It was the duty of plaintiff to mitigate her damages, if she could reasonably do so, by constructing another ditch or lateral to convey water to her land. *Roberts v. Lehl*, 27 Colo. App. 351, 149 Pac. 851; *Mack v. Jackson*, 9 Colo. 536, 13 Pac. 542. Plaintiff made no claim that she could not do this. She took no steps toward that end. However, she complainingly, if not stubbornly, sat by over a period of years, allowed the new ditch as constructed by defendant to become filled with weeds, debris and other obstructions, and sought $24,000 damages on the theory that she could not raise crops because she did not have water for her land. According to the record she did nothing to remedy the condition of which she complained.

There was no evidence before the jury that plaintiff's irrigation system could not be made as efficient as it was prior to the construction of the road. Witness Prouty testified that a certain culvert would have to be slightly lowered in order to accomplish this result, but he was quite positive that plaintiff could obtain the use of her water by conveying it through a gate north of the highway. He further testified that the expense would be about $200, which would be nominal when compared to the $9,000 damages awarded by the jury.

In questioning plaintiff, her counsel referred to Mr. Prouty's testimony and inquired: "Q. You heard his tes-

timony about what would be a solution for this problem we have here so that you could get your water, did you?" To which plaintiff responded: "A. I would be the happiest person in the world."

We are of the opinion that there is no evidence in the record that plaintiff's irrigation system could not be made as efficient as it was prior to the construction of the highway. Apparently the jury awarded damages under Instruction No. 14, and as no time was fixed by the instruction limiting plaintiff's right to recover for loss of crops, we must conclude that the jury took into consideration the entire period from 1936 to 1948, the date of trial. The damages awarded were excessive in the light of the entire record as made. Plaintiff's evidence regarding crops grown, the expense of planting, caring for and harvesting, and the amount thereof, was most unsatisfactory and indefinite.

The judgment is reversed and the cause remanded with instructions to grant a new trial, and on that trial the court will not consider that any question of fact involved has been judicially determined.