No. 17,240.

HADDEN *v.* GATEWAY WEST PUBLISHING COMPANY ET AL.
(273 P. [2d] 733)

Decided August 3, 1954. Rehearing denied September 7, 1954.

Mr. CARL CLINE, Mr. ALEX STEPHEN KELLER, for plaintiff in error.

Mr. ARTHUR A. BROOKS, JR., Mr. LEO W. KENNEDY, for defendants in error.

*En Banc.*

Mr. JUSTICE BRADFIELD delivered the opinion of the Court.

THIS is a libel suit brought to our Court by writ of error to review a judgment of the district court of the County of Jefferson. In the trial court plaintiff in error was plaintiff and will be so designated herein; the several defendants in error were defendants and will be designated as defendants or by name.

In plaintiff's complaint he alleges that he has long been a resident of Jefferson county, Colorado, and formerly was a member of the County Board of Education and active in the water distributing system of the county; that in July, 1950, defendants published the "Jefferson Sentinel," containing a series of articles which plaintiff alleged were libelous of him, to his damage. In a first cause of action he seeks $15,000 in general actual damages and $7,500 in exemplary damages. For a subsequent reprint of a part of said articles, he seeks $5,000 in general actual damages and $2,500 in exemplary damages. On the grounds that the publications of the articles were attended by circumstances of malice, insult and a wanton and reckless disregard of his rights and feelings, plaintiff also seeks body judgments against defendant. Defendants by answer deny generally the allegations of the complaint, stating that

the alleged libelous statements were not concerning the plaintiff; they further alleged that the articles were not libelous per se and constituted fair comment; deny malice and intent to injure plaintiff, and that the articles were qualifiedly privileged and of immediate public concern. On motion of plaintiff, defendant Francis G. Smith was dismissed from the case. Trial was to a jury which returned verdicts and answers to special interrogatories against plaintiff and favorable to the remaining defendants, and judgments were entered thereon. A motion for a new trial was denied.

The series of articles printed in the "Jefferson Sentinel" were highly critical of some of the acts of a prior Board of Education of which plaintiff was a member, and of the current president of the present Board of Education. The substance of the allegedly libelous articles is not here involved. The trial court found the printed articles were libelous per se and submitted them to the jury under appropriate instructions, which, as hereinbefore stated, returned verdicts thereon favorable to defendants and against plaintiff.

Two law points are summarized for a reversal of the judgment. No. 1, that the testimony of Mrs. Foley was erroneously admitted because, (a) same "was irrelevant and immaterial," (b) same "was incompetent and hearsay," (c) same "was highly prejudicial." No. 2, that the giving of instructions No. 13 and No. 15 was erroneous; that instruction No. 13 "set out the defense of truth when it was not specially pleaded by the defendants;" that instruction No. 15 relates to a particular article and "is misleading in that it states that if the particular article is true, it cannot be a basis for any liability." These two law points were the only ones raised in the motion for a new trial and in the summary of points for consideration in this Court. Our examination will be limited to these two points.

Witness Foley was the clerk of the district

court of Jefferson county and testified as to cases filed or not found filed in her office. The substance of her testimony was that plaintiff John Hadden had filed the present case against defendants; that her office showed no other case had been filed against any of the defendants by any of the other members of the prior Board of Education. As to the cases not filed by other prior board members, such evidence was not pertinent to the case here on review, was irrelevant, immaterial and incompetent as hearsay to any issue here involved, and on objection made thereto should have been excluded. The question remains, was such evidence, so erroneously received, prejudicial to plaintiff's case? The burden rests upon plaintiff to show wherein such evidence was prejudicial, and no such showing was made. We hold the testimony to which objection was made, while immaterial and incompetent, in the present case was not prejudicial. "A decree will not be reversed for errors which are not prejudicial." *Wood v. Casserleigh,* 30 Colo. 287, 71 Pac. 360, 363.

Plaintiff urges that instructions No. 13 and No. 15 concerned the defense of the truth of the published articles and that truth was a special defense not pleaded. Section 10, Article II, of the Colorado Constitution provides: "* * * and in all suits and prosecutions for libel the truth thereof may be given in evidence, and the jury, under the direction of the court, shall determine the law and the fact."

In plaintiff's complaint, in both counts, he alleged the published articles were "false, defamatory, untrue and libelous." Defendants by answer denied the allegation. This allegation of plaintiff and its denial by defendants presented the issue of the truth of the published articles. Under these circumstances, a special defense of truth was not required. The giving of the two instructions thereon was not error.

The case was tried to a jury on some disputed

evidence, no complaint concerning which is here made. The verdict of the jury thereon is conclusive.

The judgment is affirmed.

MR. JUSTICE ALTER does not participate.

MR. JUSTICE HOLLAND dissents.