No. 17,808.

ALVIN BLACK, ET AL. *v.* NELSON TAYLOR, ET AL.
(302 P. [2d] 946)

Decided October 22, 1956.    Rehearing denied November 13, 1956.

Mr. FRANK G. STINEMEYER, Mr. EDWIN H. STINEMEYER, for plaintiffs in error.

Messrs. BURRIS & BAUMGARDNER, VENA POINTER, Mr. T. LEE WITCHER, for defendants in error.

*En Banc.*

: MR. JUSTICE KNAUSS delivered the opinion of the Court.

THIS is the second time the instant case has been before us. We need not repeat the factual situation presented, for it is aptly set forth in *Black, et al. v. Taylor, et al.* 128 Colo. 449, 264 P. (2d) 502. We there reversed the judgment of the trial court and directed that the injunctive relief prayed for be granted and that further proceedings, if any, be had to carry out the views expressed in that opinion.

In that case we said: "We cannot agree that the diversion of water by defendants, of which plaintiffs complain, was so small as to have no injurious effect upon plaintiffs' water supply. We think the contrary conclusively appears."

Upon receipt of the remittitur the trial court entered the injunctive order and proceeded to try the issue of damages to plaintiffs' land raised by a supplemental complaint. In his findings of fact the trial judge observed that while the evidence disclosed that damage to plaintiffs' land was serious, "it failed to disclose with a sufficient degree of certainty to enable this court to arrive at an intelligent decision as to the amount of such damage, and they having failed to adduce the evidence necessary to permit Court to arrive at such decision, the Court is unable to award damages to plaintiffs.

"There were sharp conflicts in the testimony particularly between that of the expert C. L. Chatfield, who testified for the plaintiffs, and Richard H. Jordan, who testified for the defendants, as to the time that would be required to recharge the source of supply of the water involved in this case and in the amount of the depletion of that supply of water that can be attributed to the obstruction by defendants and the amount of such

depletion due to other causes over which defendants or anyone else had no control.

"There was evidence that over a period of years, and particularly during the years 1951, 1952, 1953 and 1954, a general drouth condition prevailed throughout the entire region of the lands of plaintiffs and defendants and that springs and other sources of water in no manner connected with the source of supply of the water involved in this case had been much lessened and in some instances had gone entirely dry; that by reason of such evidence it became incapable of proof as to what amount of the shortage of plaintiffs' supply of water was due to defendants' unlawful obstruction and what amount was due to general drouth conditions."

In *Hoehne Ditch Co. v. John Flood Ditch Co.* 76 Colo. 500, 233 Pac. 167 we had a case where the defendant breached a contract respecting the carriage of water. We there said: "We should not be too tender in our consideration of a wrongdoer in such case or relieve it altogether from its liability for breach of contract. Even if the plaintiff's proof failed to establish such damages, the defendant's breach of its contract of itself entitled the plaintiff at least to nominal damages. Upon no theory was the court justified in withholding all damages and dismissing the action of plaintiff's costs. Upon the court's own story of the case, plaintiff on the contrary, was entitled to a finding and judgment for nominal damages that carried with it costs." See, also, *Mack v. Johnson,* 9 Colo. 536, 13 Pac. 542.

We, therefore, hold that under the record as here submitted plaintiffs were entitled to nominal damages, and the judgment is reversed and the cause remanded with directions to the trial court to enter a judgment in favor of plaintiffs for such nominal sum as said court may deem proper, together with costs.

Mr. Justice Bradfield, not participating.