HORTO)T, Judge.
Appellant, plaintiff below, appeals an adverse final judgment based upon a jury verdict.
The appellant operates a small nursery business on her own property. Prior to this action, she was also the tenant of an adjoining property owner who permitted her to use a portion of his property on which to place potted plants. A condition of the tenancy was that when the owner desired to build on or improve the property, the appellant was to remove her plants.
During the months of September and October, 1961, the appellee, through its employees and agents, contracted with the adjoining property owner to place fill on his property by the process of pumping up soil from a nearby canal. The adjoining property owner asked the appéllant to remove her plants or at least to im>ve them further away from the area to be filled, which she did. The appellee began to pump in huge quantities of water and soil which, the appellant claims, not only damaged her plants on the adjoining property, but caused great damage to the plants and shrubbery on .her own property as well. Appellant brought this action against the appellee alleging that the appellee “negligently, carelessly and recklessly” caused and allowed “great quantities of brackish and salty water, mud, clay and. debris to be diverted, cascaded, bulldozed and thrown into and upon the premises of the plaintiff.” The appellee answered in the form of a, general denial and interposed the affirmative defense of contributory negligence.
At the trial, the court instructed the jury, over the objections of the appellant, on the issue of contributory negligence. Thé jury returned a verdict in favor of the appellee and the trial court entered the judgment appealed pursuant thereto. The appellant has assigned the instruction on contributory negligence as error although she did not file a motion for new trial
The appellee contends the appellant is not entitled to review since she in effect is challenging the sufficiency of the evidence to support the verdict without having moved for a new trial upon that ground. As support for this position appellee cites Red Top Cab & Baggage Company v. Grady, Fla.App.1958, 99 So.2d 871. When considered in the context of the appellant’s argument, her assignments of error, and the type of appellate review sought, this contention is unsound and not supported by the authorities.
Section 59.07(1) and (2), Fla.Stat., F.S.A., permits the review of jury instructions. In the case of Howland v. Cates, Fla.1950, 43 So.2d 848, 850-851, the Supreme Court of Florida, in dealing specifi *196 cally with these subsections, and the question now raised by the appellee, said:
"Under the new statute, [§ 59.07, supra] the losing party may secure a review of all questions of law involved in any adverse ruling arising during the course of the trial, even though not included in the motion for new trial, under the following conditions: Where the question arises as the result of charges given by the trial court of its own motion or at the request of the adversary, or as the result of the refusal of the trial court to give charges requested by the losing party in writing, the losing party may secure a review thereof without having objected thereto at the trial, or having excepted to the ruling; provided the giving or refusal to give the charge is properly assigned as error and embodied in the transcript of the record brought here on appeal.”
Cf. Berger v. Nathan, Fla.1953, 66 So.2d 278. On this authority we reject the ap-pellee’s contention.
The appellant argues that her complaint sounded in simple trespass and consequently contributory negligence was not a defense. She contends that for this reason it was error to instruct the jury on the appellee’s plea of contributory negligence, and that such evidence as was considered in support thereof was prejudicial, and resulted in an erroneous verdict. We find this contention has merit.
The cause of action for simple trespass can be distinguished from that for trespass on the case, or negligence, by the character of the act causing the injury. Where the injury results directly and immediately from the act of the defendant and is not merely consequential, the cause of action is for simple trespass and contributory negligence is no defense. Where the injury is the indirect or secondary consequence of the defendant’s act, the cause of action is for trespass on the case and contributory negligence is a defense. See Leonard v. Nat Harrison Associates, Inc., Fla.App.1962, 137 So.2d 18, 19; St. Petersburg Coca Cola Bottling Co. v. Cuccinello, Fla.1950, 44 So.2d 670, 672; for a thorough discussion of the differences between, and distinguishing features of, trespass and case, see Leonard v. Nat Harrison Associates, Inc., Fla.App. 1960, 122 So.2d 432.
In the case at bar, the appellant’s complaint sounded in simple trespass for direct injury to her property notwithstanding the fact that she inadvertently characterized the appellee’s acts as negligent and careless. Contributory negligence was no defense and the trial court’s instruction was prejudicial.
In accordance with the opinions expressed herein, the judgment appealed is reversed, and the cause is remanded for a new trial.
Reversed and remanded.