512 P.2d 652 (1973)
Telesforo RODRIGUEZ, Plaintiff-Appellee,
v.
The DENVER AND RIO GRANDE WESTERN RAILROAD COMPANY, Defendant-Appellant.
No. 72-220.
Colorado Court of Appeals, Div. 1.
July 3, 1973.
*653 Morrisard & Rossi, John J. Rossi, Aurora, for plaintiff-appellee.
Ernest Porter, John S. Walker, Mark J. Rubald, Denver, for defendant-appellant.
Selected for Official Publication.
SMITH, Judge.
The Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., provides that every railroad common carrier while engaged in interstate commerce is liable to employees who are injured by the negligence of the railroad or its officers, agents, or employees. The act also provides that the federal courts and state courts shall have concurrent jurisdiction of matters arising under the act. Pursuant to this act, Telesforo Rodriguez filed a complaint against The Denver and Rio Grande Western Railroad Company in Denver District Court. Plaintiff alleged that due to the railroad's negligence he was injured while helping to unload a keg of trackbolts. Trial to a jury resulted in a verdict for plaintiff in the amount of $40,000. Defendant railroad appeals. We affirm.

I
Defendant initially asserts that it was error for the trial court to allow plaintiff to testify that because of his injury he could no longer enjoy playing softball or riding his motorcycle. Defendant argues that this was testimony in support of special damages and that plaintiff failed to specifically plead such item of damages as required by C.R.C.P. 9(g).
In dealing with matters of pleading and procedure in an action brought in the state court under the Federal Employers' Liability Act, state law governs where a federally created substantive right is not obstructed. See Atlantic Coast Line R.R. v. Mims, 242 U.S. 532, 37 S.Ct. 188, 61 L.Ed. 476; Central Vermont Ry. v. White, 238 U.S. 507, 35 S.Ct. 865, 59 L.Ed. 1433. The applicability of rules of pleading, such as C.R.C.P. 9(g), is such a question and, having examined the record and finding no obstruction to any federally granted substantive right, we will look to Colorado law for its determination.
*654 Although plaintiff did not describe the disputed items of damages specifically in his pleadings, he did ask for damages for present and future pain and suffering as well as permanent disability. The trial court allowed the testimony, not for the purpose of establishing a separate element of damages for loss of enjoyment, but for the purpose of establishing the degree and extent of the pain and suffering.
That the trial court did not regard the testimony concerning plaintiff's inability to play softball or ride a motorcycle as a separate element of damages is demonstrated in its instruction No. 15, (to which defendant also objects,) which reads as follows:
"In assessing actual damages, you shall consider the nature and extent of the injuries, the physical and mental pain and suffering endured prior to the trial of this case and loss of wages or income, insofar as each of such items has been established by the evidence. If you find that, as a result of the defendant's negligence, the plaintiff will necessarily endure and incur in the future, physical and mental pain and suffering, loss of full enjoyment of life, permanent injuries or disability, or loss of earnings or impairement of earning capacity, then you shall take these matters into consideration in assessing damages insofar as such items have been established by the evidence."
The purpose of requiring that special damages be pled with specificity is essentially one of notice. Only when it is sought to recover such damages as are not the usual and natural consequence of the wrongful act complained of must they be specially pled. Seeing Denver Co. v. Morgan, 66 Colo. 565, 185 P. 339; City of Pueblo v. Griffin, 10 Colo. 366, 15 P. 616; Tucker v. Parks, 7 Colo. 62, 1 P. 427. Since permanent disability and both present and future pain and suffering were already at issue, the specific manner in which these were manifested was not so unique or unusual in an injury of this type as would necessitate a separate or special pleading. Instruction No. 15 is likewise not incorrect as a general damages instruction.

II
Defendant next raises questions involving the production and admissibility of evidence. These are also questions of practice and procedure to be governed by state law. Showalter v. Western Pacific R.R., 16 Cal.2d 460, 106 P.2d 895; King v. Schumacher, 32 Cal.App.2d 172, 89 P.2d 466.
Defendant asserts that Mr. Frank Garcilasco was improperly permitted to testify concerning the safest method of unloading the truck. Defendant argues that this was an invasion of the province of the jury because the matter was within the jury's common knowledge and constituted an opinion concerning the ultimate factual determination to be made by the jury.
However, we note that Mr. Garcilasco was called as an adverse witness under C.R.C.P. 43(b) and that his testimony was concerned solely with what safety instructions he, as section foreman, had given his men. This included instructions concerning the safest way to unload the truck. He testified that these instructions were not given to plaintiff, but were given only to plaintiff's coemployees. The instructions were not followed. Mr. Garcilasco was not called as an expert witness for the purpose of giving his opinion. Rather, he was called only for the purpose of testifying as to what safety regulations he had established for his men, why those regulations had been established, and whether the regulations had been followed. His testimony did not go beyond the purpose for which he was called, and it was therefore properly admitted.
Defendant contends that the court erred in limiting the scope of the testimony of its two "rebuttal" witnesses. Although the names of these witnesses had not been disclosed to plaintiff's counsel pursuant to the local pretrial rule, in attempting to insure the defendant had the opportunity to *655 present all relevant matters, the court allowed Dr. William Merritt to testify that plaintiff had given him a different medical history than that to which he had previously testified in the trial and allowed Mr. James Schnook, an employee of the State Division of Rehabilitation, to testify that, in an interview which had occurred before the accident in question, plaintiff had indicated that he had had a previous back injury. Having permitted these witnesses to testify for impeachment purposes, the court properly limited their testimony by precluding them from testifying concerning the details of previous disabilities or present rehabilitation possibilities not referred to in either the pleadings or previous testimony.
Defendant also urges that it was error for the court to require the plaintiff to be called for cross-examination pursuant to C.R.C.P. 43(b) before defendant was allowed to call these "rebuttal" witnesses. Defendant does not indicate, nor do we perceive, how this ordering of witnesses, even if unjustified, prejudiced defendant. Therefore, the contention is insufficient to justify reversal and deserves no further attention. Hadden v. Gateway West Publishing Co., 130 Colo. 73, 273 P.2d 733.

III
Defendant challenges two of the instructions given to the jury. Instruction No. 6 informs the jury that if employer negligence contributed to the injury or death to which damages are sought, liability should be imposed. This is a correct statement of the law contained in the act. Rogers v. Missouri Pacific R.R., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493.
Defendant maintains that Instruction No. 11, by referring to an employer's duty to keep a place of work in a reasonably safe condition, instructs the jury concerning an element not pled or contained in the evidence. This instruction is a correct statement of law. Plaintiff's complaint specifically alleges the duty of defendant to maintain a safe working place for its employees. The statute under which the action was brought plainly provides for employer liability for defects or insufficient equipment used by the employer. 45 U.S.C. § 53. Much of the testimony introduced by plaintiff at trial was on precisely this issue. A reading of all of the instructions convinces us that the jury was properly instructed and we perceive no error in this regard.
Defendants contend that the amount of damages awarded by the jury is excessive in light of the injuries suffered by plaintiff. The verdict of $40,000 is not so large as to indicate the presence of bias or prejudice on the part of the jury under either state or federal standards. Moseley v. Lamirato, 149 Colo. 440, 370 P.2d 450; Padilla v. Atchinson, Topeka & Santa Fe Ry., 61 N.M. 115, 295 P.2d 1023.
Finding defendant's various assertions of error to be without merit, we affirm the judgment.
ENOCH and PIERCE, JJ., concur.