**ED HACKSTAFF CONCRETE, INC., a Colorado corporation, Plaintiff-Appellant,**

v.

**POWDER RIDGE CONDOMINIUM "A" OWNERS' ASSOCIATION, INC., a Colorado corporation, Defendant-Appellee.**

No. 82CA0360.

Colorado Court of Appeals, Div. I.

Feb. 2, 1984.

Rehearing Denied Feb. 23, 1984.

Pepper & Rubin, P.C., Ronald M. Rubin, Denver, for plaintiff-appellant.

Cosgriff, Dunn & French, P.C., Robert H.S. French, Breckenridge, for defendant-appellee.

SMITH, Judge.

Plaintiff, Ed Hackstaff Concrete, Inc. (Hackstaff), appeals from judgments for defendant, Powder Ridge Condominium "A" Owners' Association, Inc. (Powder Ridge), on Hackstaff's complaint and on Powder Ridge's counterclaim entered at the conclusion of a trial to the court. We affirm.

In the fall of 1977, Power Ridge contracted with Hackstaff, *inter alia*, to resurface a large concrete deck which covered the condominium's carport and which provided a walkway to the second story units. The agreed portion of the contract price relative to the resurfacing was $17,793.95. This amount was paid in full. The parties originally contemplated that the restoration would consist of removal and replacement of damaged portions of the existing concrete with an adhesive concrete coating of approximately the original thickness and that the repairs would be completed in the fall of 1977. Inclement weather forced postponement of the repairs until the following spring. At that time, Hackstaff changed its plans and instead of removing and replacing the damaged portions, it applied a uniform layer of concrete of significantly greater thickness over the entire surface.

Because of the added weight of the concrete, the city of Breckenridge condemned the structure, and a certificate of occupancy was reissued only after extensive efforts on the part of Hackstaff. When Power Ridge refused to make any additional payments to Hackstaff, Hackstaff filed a mechanic's lien and brought suit to foreclose the lien and recover not only the full contract price but also the costs incurred by Hackstaff in connection with obtaining the new certificate of occupancy. Power Ridge counterclaimed for damages alleging that Hackstaff had breached the contract by failing to perform the repairs in workmanlike fashion.

At the conclusion of trial, the court found that the expenses of obtaining the new certificate of occupancy were the result of Hackstaff's deviation from the agreed method of repair, and that Hackstaff was therefore not entitled to recovery. The trial court found, further, that the repairs performed on the deck had no value, and that Hackstaff was as a result

entitled to no portion of the contract price. The court then awarded Power Ridge damages equalling the total amount which Power Ridge had already paid under the contract.

## I.

On appeal, Hackstaff first contends that there was insufficient evidence to support the trial court's finding that the repairs had no value, and that the failure to award Hackstaff the contract price was therefore in error. We disagree.

The repair contract expressly provided that Hackstaff guaranteed against leakage caused by defective materials and workmanship. The record reveals evidence, however, that the surface of the repaired deck became extensively crazed, cracked, and spalled, and that it leaked. Moreover, there was expert testimony that as a result of these defects the repairs performed by Hackstaff were valueless. This evidence was sufficient to support the trial court's finding that the repairs rendered had no value, which may not therefore be disturbed on appeal. *Linley v. Hanson*, 173 Colo. 239, 477 P.2d 453 (1970).

If there is a breach by non-performance which goes to the essence of a contract, an appropriate measure of damages is an award to the injured party of restitution of any benefit which he has conferred upon the other party. *See* 5 A. Corbin, Contracts, § 1104 (1964); *Restatement (Second) of Contracts* § 373 (1981). The trial court's finding that Hackstaff's performance under the contract was unsatisfactory and had no value therefore entitled Power Ridge to restitution of the total amount it paid under the contract for repair of the deck. *See Seale v. Bates*, 145 Colo. 430, 359 P.2d 356 (1961).

## II.

Hackstaff contends next that an award of damages to Power Ridge in this form was improper because Power Ridge failed specifically to plead special damages as required by C.R.C.P. 9(g). This contention is without merit.

Only where a party seeks to recover damages which are not the usual and natural consequence of the wrongful act complained of must the damages be specifically pled. *Rodriquez v. Denver & Rio Grande Western R.R.*, 32 Colo.App. 378, 512 P.2d 652 (1973). Power Ridge alleged in its counterclaim that Hackstaff's repairs were "totally defective and unsatisfactory." This was sufficient notice that Powder Ridge sought damages for harm directly arising from Hackstaff's misconduct to comply with the requirements of C.R.C.P. 9(g). *See Rodriquez v. Denver & Rio Grande Western R.R., supra.*

## III.

Hackstaff's next contention is that the trial court erred in admitting Power Ridge's Exhibit 1, a group of "batch tickets" offered to show that the concrete used in the repairs contained added water. Defendant's Exhibit 1 was offered through an employee of the firm which supplied the concrete, who testified that he did not himself prepare the tickets but that he was familiar with the manner of their preparation and the meaning of the notations upon them.

Under Colorado Rules of Evidence 803(6), a business record may be admissible even though hearsay if made "at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity ...." *See Great West Food Packers, Inc. v. Longmont Foods Co.*, 636 P.2d 1331 (Colo.App.1981). Here, there was evidence that the tickets were prepared by persons with personal knowledge of the truth of the matters set forth in the tickets, under established business procedures. The tickets were therefore admissible under CRE 803(6). *See Great West Food Packers, Inc. v. Longmont Foods, Co., supra.*

IV.

Hackstaff's final contention was that there was insufficient evidence that its conduct was responsible for the defective condition of the deck. In a trial to the court, the weight, sufficiency, and probative effect of the evidence is a matter for the trial court, and its treatment thereof will not be disturbed on review unless clearly erroneous. *Adler v. Adler,* 167 Colo. 145, 445 P.2d 906 (1968). On conflicting evidence, the trial court found that it was Hackstaff's unworkmanlike performance that was responsible for the defective condition of the deck. This determination is binding on appeal.

Judgment affirmed.

PIERCE and TURSI, JJ., concur.