**Wayne BURT, Curtis Draper and Donna Draper, Plaintiffs–Appellees and Cross–Appellants,**

v.

**BEAUTIFUL SAVIOR LUTHERAN CHURCH OF BROOMFIELD, a Colorado non-profit corporation, Defendant–Appellant and Cross–Appellee.**

No. 89CA1198.

Colorado Court of Appeals,
Div. A.

Oct. 25, 1990.

Rehearing Denied Nov. 23, 1990.

Certiorari Denied May 6, 1991.

Law Offices of Gordon and Walder, Philip A. Gordon, David G. Walder, Boulder, for plaintiffs-appellees and cross-appellants.

Quigley & Bruce, Neil Quigley, Denver, for defendant-appellant and cross-appellee.

Opinion by Judge DAVIDSON.

Defendant, Beautiful Savior Lutheran Church of Broomfield, appeals a judgment entered on a jury verdict in favor of plaintiffs, Wayne Burt, Donna Draper, and Curtis Draper, for water damage to Burt's real property resulting from defendant's negligence and trespass. We affirm in part, reverse in part, and remand with directions.

Defendant and Burt are adjoining landowners. The Drapers are Burt's daughter and son-in-law, and are tenants in the Burt residence. Defendant's property, which is immediately west of Burt's, is markedly sloped downwards directly toward the Burt property. Both properties have been plagued with water drainage problems for many years.

In 1964, Burt's property was flooded by surface water from a heavy rain. At that time, he installed an underground drain from his backyard to his front yard which emptied into the street. Then, in 1979, defendant converted the area immediately west of Burt's property into a paved parking lot.

Approximately four years later, in August 1983, after another heavy rain caused flooding on his property, Burt dug a ditch, in part on defendant's property, to drain water into a storm drain on the street. At the same time, in response to flooding on its property, defendant constructed a 15–foot manhole with a sump pump at a corner of its foundation wall and installed a drainpipe underground from the sump pump to the street. This drainpipe extended along the boundary between defendant's and Burt's property emptying into the street just west of the Burt property. According to defendant's evidence, at the time the drainpipe was installed, the church pastor asked Burt if he objected to the removal of certain trees which Burt had planted on defendant's property in 1961. The pastor testified that, although he told Burt there was a danger of roots clogging the new drainpipe, Burt replied he did not want the trees removed.

In 1984, approximately six months after defendant's drainpipe was installed, Burt noticed that water was coming into his basement through cracks in the foundation. Responding to Burt's complaint, defendant constructed a dirt berm on its property to deflect surface water flowing down towards Burt's property. Nevertheless, Burt's foundation continued to crack and deteriorate.

Evidence at trial indicated that defendant had installed a drainpipe which was inadequate in size and had unsealable joints that were virtually certain to leak. The evidence also showed that the drainpipe had been improperly installed and was clogged with tree roots. In June 1987, defendant replaced the drainpipe and the water flow into Burt's basement stopped.

Burt then brought this action seeking damages for the repair of his basement foundation, alleging theories of negligence and trespass. At the close of the evidence, the court instructed the jury, without objection, on both trespass and negligence. The trial court, however, refused defendant's request to instruct the jury on comparative negligence. In its ruling, the trial court reasoned that comparative negligence was not appropriate because "it's just for the jury to decide whether there is ground water that was there historically or whether it was created by the church's actions." The trial court also refused defendant's requested instruction on plaintiffs' failure to mitigate damages.

The jury returned a verdict for plaintiffs on both trespass and negligence, and defendant appeals, alleging the refusal to so instruct the jury, and other actions by the trial court, constituted reversible error. Plaintiffs cross-appeal on the issues of costs and interests. We affirm the judgment and reverse and remand on the issue of costs and interest.

I.

Defendant first contends that the trial court's refusal to submit an instruction to the jury on the defense of comparative negligence was error. We disagree.

Preliminarily, we note that, even if refusal to give a comparative negligence instruction was error as to the negligence theory, since the jury also found for plaintiffs on trespass, the verdict can be upheld on the trespass theory alone. *See O'Brien v. Wallace*, 145 Colo. 291, 359 P.2d 1029 (1961). Therefore, although defendant argues that comparative negligence is a defense to both negligence and trespass, because we disagree that it applies to the latter, we find no error.

■ Defendant argues, however, that an instruction on comparative negligence should have been given to the jury on the trespass theory because trespass is "founded upon negligence principles." We disagree.

Contrary to defendant's contention, the concept of trespass developed much earlier than the concept of negligence. *Publix Cab Co. v. Colorado National Bank*, 139 Colo. 205, 338 P.2d 702 (1959). *See* C. Gregory, *Trespass to Negligence to Absolute Liability*, 37 W.Va.L.Rev. 359 (1951).

In early English law, the writ of "trespass" had a basic criminal character and provided a cause of action for all direct and immediate injuries to person or property. "Trespass on the case," a separate writ which developed later, originally allowed remedies for all indirect injuries. It was from this latter writ that negligence emerged as a separate cause of action. Later, the original writ of "trespass" also evolved into separate torts. W. Prosser & W. Keeton, *The Law of Torts* § 6 (5th ed. 1984).

In defining the modern tort of trespass to property, some jurisdictions still make a distinction between direct and indirect injuries, labeling the former an intentional or "simple" trespass and the latter, negligent trespass. These jurisdictions apply the defense of contributory or comparative negligence to the tort of negligent trespass. *See Smith v. McCullough Dredging Co.*, 152 So.2d 194 (Fla.Dist.Ct.App.1963).

■ In Colorado, however, the present tort of trespass to property has no reference to the nature or immediacy of the harm, nor do we recognize the tort of "negligent trespass." *See Verzuh v. Rouse*, 660 P.2d 1301 (Colo.App.1982).

Consequently, the fact that, as defendant alleges here, the trespass in this case may have been caused by a negligent act is irrelevant. In Colorado, liability for trespass requires only an intent to do the act that itself constitutes, or inevitably causes, the intrusion. *Miller v. Carnation Co.*, 33 Colo.App. 62, 516 P.2d 661 (1973). Specifically, trespass is the physical intrusion upon property of another without the permission of the person lawfully entitled to the possession of the real estate. *Magliocco v. Olson*, 762 P.2d 681 (Colo.App.1987). "One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally ... enters land in the possession of the other, or causes a thing or a third person to do so...." *Miller v. Carnation, supra;* Restatement (Second) of Torts § 158 (1965).

■ Thus, a landowner who sets in motion a force which, in the usual course of events, will damage property of another, is guilty of trespass on such property. *Cobai v. Young*, 679 P.2d 121 (Colo.App.1984) (snow sliding from a roof into plaintiff's house); *Docheff v. City of Broomfield*, 623 P.2d 69 (Colo.App.1980) (discharge of drainage water onto property of adjoining landowner); *Miller v. Carnation Co.*, 39 Colo. App. 1, 564 P.2d 127 (1977) (failure to remove chicken manure resulting in pests intruding on plaintiff's property). Here, defendant's act of constructing the drainpipe in such a way as to cause water leakage into Burt's property amounted to a trespass.

Comparative negligence, however, is an affirmative defense only to negligence actions, that is, to liability based on fault. Section 13–21–111(1), C.R.S. (1987 Repl.Vol. 6A); *see Carman v. Heber*, 43 Colo.App. 5, 601 P.2d 646 (1979). Hence, it is not a proper issue for consideration in a trespass action.

This analysis is consistent with other jurisdictions which have a similar definition of trespass and which have considered this

issue. These jurisdictions have also refused to extend contributory or comparative negligence to trespass. *See Fresno Air Service v. Wood*, 232 Cal.App.2d 801, 43 Cal.Rptr. 276 (1965); *Mountain States Telephone & Telegraph Co. v. Vowell Construction Co.*, 161 Tex. 432, 341 S.W.2d 148 (1960). *See also* 4 F. Harper, F. James, & O. Gray, *The Law of Torts* § 22.5 (1986).

Here, defendant does not dispute that the evidence was sufficient to support the jury's verdict for plaintiffs on their trespass claim. Therefore, because the defense of comparative negligence is inapplicable to trespass, the failure of the court to instruct the jury thereon was not error.

## II.

Defendant next contends that the trial court erred by failing to submit to the jury an instruction on failure to mitigate damages. Because defendant's arguments differ as to Burt and the Drapers, we consider them separately.

## A.

■ Defendant alleges that Burt was aware of the repairs that needed to be done to his basement in 1987 and that his failure to implement these repairs at that time dramatically increased his damages. Defendant contends this evidence was sufficient to allow the jury to consider a mitigation of damages defense. We disagree.

■ Failure to mitigate damages refers to the injured party's failure to take such steps as are reasonable under the circumstances to minimize the resulting damages. However, the plaintiff is not required to take unreasonable measures in an effort to mitigate his damages. *Hildyard v. Western Fasteners, Inc.*, 33 Colo.App. 396, 522 P.2d 596 (1974).

■ The burden of proving this defense is on the party asserting it, and the defense will not be presented to the jury unless the trial court determines there is sufficient evidence to support it. Unless clearly erroneous, that determination will not be disturbed on appeal. *Martin v. Porak*, 638 P.2d 853 (Colo.App.1981).

The record indicates that the repairs to Burt's house were complex and expensive. Although the initial repair costs in 1987 were estimated at approximately $26,000, the estimate increased to approximately $52,000 by 1989. Defendant contends that if Burt had done the repairs in 1987, the damages would have been substantially less. However, the record shows that the later estimate included excavation costs which were not included in the first estimate. Nothing in the record indicates that Burt could have taken any precautions which would have prevented the need for this additional work. Moreover, there was no evidence that Burt was financially able to incur even the initial repair costs of $26,000.

Thus, we agree with the trial court that, in these circumstances, it would not have been reasonable to require Burt to incur even this initial financial expense, and therefore, an instruction on mitigation of damages would not have been proper. *See* C. McCormick, *Handbook on the Law of Damages* § 37 (1935).

■ Insofar as defendant also argues that Burt, by planting the trees which allegedly clogged the drainpipe, was guilty of a failure to mitigate his damages prior to the installation of the pipe, we also disagree.

■ As a plaintiff has no duty to anticipate a tortfeasor's illegal acts, *see Dare v. Sobule*, 674 P.2d 960 (Colo.1984), a plaintiff also has no duty to mitigate damages until after the original injury has occurred. *See City & County of Denver v. Noble*, 124 Colo. 392, 237 P.2d 637 (1951); W. Prosser & W. Keeton, *The Law of Torts* § 65 (5th ed. 1984).

Thus, even if Burt did tell the pastor that he would prefer the offending trees not be removed, that incident would still not support a mitigation of damages instruction. Because Burt had no duty to anticipate defendant's trespass, he had no duty to mitigate his damages prior to the trespass. Therefore, the trial court properly denied the instruction.

### B.

We also disagree that the Drapers failed to mitigate their damages because they moved into the house after the water was present. To conclude that the Draper's "moving to the nuisance" constituted a failure to mitigate damages would, in effect, allow defendant to condemn part of the value of Burt's property by rendering it unrentable. *See Allison v. Smith*, 695 P.2d 791 (Colo.App.1984); *Patrick v. Sharon Steel Corp.*, 549 F.Supp. 1259 (N.D. W. Va.1982); Restatement (Second) of Torts § 840D comment b. (1979).

Furthermore, contrary to defendant's contention, the Draper's damages for loss of value of their leasehold estate and for their annoyance and discomfort are compensable.

Compensation for injury resulting from trespass can include (a) the diminution of market value or the costs of restoration, (b) the loss of use of the property, and (c) discomfort and annoyance to the occupant. *Board of County Commissioners v. Slovek*, 723 P.2d 1309 (Colo.1986); Restatement (Second) of Torts § 929(1) (1979). Since the Drapers were in possession of the property and therefore are entitled to damages for trespass, *see* Restatement (Second) of Torts § 158 (1965), defendant is liable to the Drapers for the damage to their possessory interests. These damages include the loss of use of their basement and the discomfort and annoyance caused by the smell in their home.

### III.

Defendant next contends that the cumulative effect of several actions by the trial court constituted an abuse of discretion. We disagree.

### A.

Defendant contends that the trial court erred (1) in allowing plaintiffs to substitute an expert witness for the one originally listed in their trial data certificate and (2) in allowing plaintiffs to introduce into evidence a petition which was not timely listed on the trial data certificate, in violation of C.R.C.P. 121 § 1–18(1)(c), as then in effect. Defendant also argues that it was error to admit the petition because it was not relevant to any material issue in the case and was prejudicial to defendant. We find no error.

At the times pertinent here, C.R.C.P. 121 § 1–18(1)(c) stated that any witnesses or exhibits could be added to the trial data certificate only if the need to do so was not reasonably foreseeable at the time of the filing of the original certificate, and if the addition would not prejudice other parties. Furthermore, under C.R.C.P. 121 § 1–18(1)(d), as then in effect, compliance with this rule was mandatory and failure to comply could result in "any appropriate sanction" by the court.

Considerable discretion is vested in the trial court to determine whether sanctions should be imposed for noncompliance with pretrial procedures. Abuse of such discretion will be found only if the trial court's decision to allow the evidence was manifestly arbitrary, unreasonable, or unfair. *People v. Milton*, 732 P.2d 1199 (Colo.1987). In addition, in the absence of willfulness, bad faith, gross negligence, or prejudice to the other parties, a trial court is not required to impose sanctions under this rule. *Nagy v. District Court*, 762 P.2d 158 (Colo.1988).

Here, the trial court's decision not to impose sanctions by excluding the evidence was not an abuse of discretion.

The record indicates that an expert was substituted because the original expert no longer worked for the company which did plaintiffs' repair work. When plaintiffs discovered this, they immediately filed a supplement to their trial data certificate and notified defendant's attorney. In addition, the record also shows that as soon as plaintiffs' lawyer learned of the existence of the petition, they again immediately filed a supplement to their trial data certificate and notified defendant's attorney. Defendant had not attempted to depose the expert originally listed by plaintiffs and did not request a continuance to depose the added expert or to prepare for the new

exhibit. In these circumstances, the trial court did not err by allowing plaintiffs' expert to testify or by admitting the petition into evidence.

■ Furthermore, contrary to defendant's contention, the petition signed by plaintiffs' neighbors was relevant to the issue of the amount of water discharged by the church's drainpipe, *see KN Energy, Inc. v. Great Western Sugar, Co.*, 698 P.2d 769 (Colo.1985), *cert denied*, 472 U.S. 1022, 105 S.Ct. 3489, 87 L.Ed.2d 623 (1985), and the trial court properly determined that the probative value of the petition outweighed any prejudicial effect. *See People v. Shockley*, 41 Colo.App. 515, 591 P.2d 589 (1978). Therefore, the trial court did not abuse its discretion in admitting the exhibit.

### B.

■ Defendant next contends that it was unduly prejudiced by plaintiffs' introduction of evidence which indicated that defendant's act of paving the church's parking lot was a partial cause of plaintiffs' damages. Although plaintiffs indicated that they would rely on this theory at the beginning of the trial, they later withdrew this theory from the jury's consideration. However, even if this evidence otherwise should have been barred, the defendant must show prejudicial error before a verdict will be reversed, *Hadden v. Gateway West Publishing Co.*, 130 Colo. 73, 273 P.2d 733 (1954), and there was no such showing here. *See Roberts v. C & M Ready Mix Concrete Co.*, 767 P.2d 769 (Colo.App.1988).

### C.

Defendant next contends that the trial court erred in submitting the issue of exemplary damages to the jury. However, because the jury found for defendant on this issue, any error by the court in permitting it to be considered was harmless.

### D.

Because of our disposition of the above issues, we do not address defendant's remaining contentions.

### IV.

#### A.

■ Plaintiffs allege on cross-appeal that the trial court did not award sufficient trial preparation fees to plaintiffs' expert. Because we agree that there is an inconsistency between the record and the final order, we remand the cause to the trial court for a determination on this issue.

■ In assessing costs, the court may grant compensation for expert witnesses. Section 13–16–122(1)(e) C.R.S. (1987 Repl. Vol. 6A). However, the trial court needs to award only reasonable costs and is not bound by any agreement between a party and its expert. *Lamont v. Riverside Irrigation District*, 179 Colo. 134, 498 P.2d 1150 (1972). Accordingly, the trial court's determination that plaintiffs' expert should be awarded $1,000 in addition to in-court and travel time was not an abuse of discretion.

However, although it appears from the record that the trial court intended to include in-court and travel time in its award, these expenses do not appear in the trial court's final order. Therefore, we remand this issue to the trial court for a resolution of this inconsistency.

#### B.

■ Plaintiffs also assert that the trial court erred in awarding prejudgment interest only from the date the complaint was filed rather than from the date each cause of action accrued. We agree that the appropriate calculation date is the date on which the action accrued and remand the cause to the trial court for a determination of that date.

Section 5–12–102(1), C.R.S. (1990 Cum. Supp.) provides that prejudgment interest shall be awarded on a damages award "from the date of wrongful withholding." In all cases, the "date of wrongful withholding" is the date the action accrued, *Isbill Associates, Inc. v. City & County of Denver*, 666 P.2d 1117 (Colo.App.1983),

which, if disputed, should be determined by the trial court in its order awarding interest. *See Tripp v. Cotter Corp.*, 701 P.2d 124 (Colo.App.1985).

Here, the trial court provided no explanation for its award of prejudgment interest from only the date the complaint was filed. Therefore, we remand the cause to the trial court for findings and for an award of interest consistent therewith.

We do not consider defendant's defense on this issue to be frivolous and, therefore, decline to award attorney fees.

The judgment is affirmed in all respects except as to the awards for expert witness fees and prejudgment interest. As to those matters, the judgment is reversed, and the cause is remanded for further proceedings thereon.

STERNBERG, C.J., and PIERCE, J., concur.