## No. 10,081.

## WESTERN LIVE STOCK LOAN COMPANY *v.* CREAGHE.

Decided May 1, 1922.

Action on promissory note. Judgment for defendant.

### *Reversed.*

1. FRAUD—*False Representations—Intent.* In an action for rescission on the ground of false representations, if the alleged representations were false and sufficient to justify a rescission, the intent with which they were made is immaterial and not involved in the action.

2. *Scienter—Evidence.* The unnecessary allegation of fraud does not make a scienter an element of the case. Not being a matter to be proved, evidence on it should not be admitted.

3. EVIDENCE—*Similar Transactions.* While in a proper case, evidence of similar transactions may be introduced to show intent, it should be admitted only in cases where it is clearly competent and relevant to the issue necessary to be determined.

4. TRIAL—*Erroneous Theory—Objections.* If a case is tried upon a theory to which counsel has made proper objection, the fact that he requested instructions which he deemed necessary for

the protection of the interests of his client, does not preclude him from urging that the court erred in overruling his objections to the admission of evidence, or other action in accordance with the theory to which he objects.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. D. W. STRICKLAND, Mr. N. WALTER DIXON, for plaintiff in error.

Messrs. HILLYER & KINKAID, Messrs. NORTHCUTT, FREEMAN & NORTHCUTT, for defendant in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error brought suit against the defendant in error on a promissory note given in part payment of a subscription to the plaintiff's capital stock. The defendant, by answer and cross-complaint, alleged that the note was given without consideration; that it and the stock subscription were obtained from defendant by false and fraudulent representations made by the agents of the plaintiff. Defendant therefore prayed that the note and stock subscription be cancelled, and that he recover $3750, which he had paid in cash on the stock subscription. The defendant had judgment according to the prayer of his cross-complaint, and the cause is now here on error.

The cross-complaint set up seven specific representations alleged to have been made and to have been false. The trial court held that but two of them were actionable representations, to-wit:

"(b)   That it was represented to the defendant by the plaintiff company, through its duly authorized officers and agents, that said company had made arrangements to borrow forty or fifty millions of dollars at a rate of interest of between 5 and 6 per cent, which said forty or fifty millions of dollars would be loaned at a rate of 8 per cent; that the fact is that said plaintiff company had not made

arrangements to borrow forty or fifty millions of dollars at a rate of 5 or 6 per cent.

(c)    That it was represented to the defendant by the plaintiff company that the company had sold at that time over one million dollars' worth of its capital stock whereas the fact is it had not sold one million dollars' worth of its capital stock."

On the trial defendant was permitted to introduce testimony of other parties to the effect that the plaintiff's agents had made to them representations similar to those to which the defendant testified had been made to him, including those held not to be actionable. The testimony was admitted on the theory that it was competent to prove a *scienter;* that is, fraudulent intent.

Counsel for plaintiff objected to this testimony upon the ground that if the representations proved to have been made were in fact false, and induced the subscription, it was wholly immaterial whether or not there was a fraudulent intent when they were made; that the falsity of the representations alone would make out the defendant's case.

The trial court, however, held that the authorities cited were solely to the effect that in a suit for rescission it is not necessary to show fraud, but that no authority had been produced, and in the opinion of the court none could be produced, which held that, where one had been in fact defrauded, he might not, in such a suit, give evidence of the fraud.

It appears, then, that it was the opinion of the court, and it is urged by counsel for defendant in error, that because fraud had been pleaded it could be proved as a part of the case for rescission.

We do not agree with this contention. During the trial plaintiff's counsel admitted that the falsity of the representations was sufficient to justify a rescission, and that the question of intent was not involved in the action. Such is the settled law in this jurisdiction. *Huston v. Plato,* 3 Colo. 402; *State Insurance Co. v. Dubois,* 7 Colo. App. 214, 44 Pac. 756; *American B. & T. Co. v. Burke,* 36 Colo. 49,

85 Pac. 692; *Lathrop v. Maddux,* 58 Colo. 258, 144 Pac. 870.

It being thus established that the cause of action stated in defendant's counterclaim did not involve intent, and the pleading of fraud adding nothing to the cause of action, it remains to be determined whether a pleader, by setting up matter not relevant to the main issue, will have the right to introduce evidence on such immaterial matter.

Counsel urge that they have the right to plead fraud, and therefore the right to prove fraud. This is contrary to the established rule that the statement of a cause of action should include only the ultimate facts constituting the basis of the action, which should be concisely stated. No authorities are cited in support of the position above stated, but there are eminent authorities to the contrary.

In *Shippen v. Bowen,* 122 U. S. 575, 7 Sup. Ct. 1283, 30 L. Ed. 1172, it is held that in an action for breach of warranty, where the declaration contained all the allegations "essential to support an action for deceit, apart from the issue as to express warranty," the cause of action on the warranty was not removed from the case, because joined with the action for deceit, and that it was unnecessary to prove a *scienter.* That is to say, an unnecessary allegation of fraud does not make a *scienter* an element of the case. Not being a matter to be proved, evidence on it should not be admitted.

In 1 Chitty on Pleading, (16th Am. Ed.) *154, it is said:

"In an action upon the case in tort for a breach of a warranty of goods the *scienter* need not be laid in the declaration, nor if charged need it be proved."

Unless, then, a *scienter* was properly in the case to be proved there was no basis for permitting evidence of fraudulent intent by proof of similar representations made to others. While the rule is that similar transactions may be proved to show intent, where that is an element of the case, it is recognized by the authorities, and it has frequently been stated, that in the admission of such evidence there is danger that the jury will be misled. It should,

therefore, be admitted only in cases where it is clearly competent and relevant to the issue necessary to be determined. The admission here, if otherwise proper, was without sufficient reason because the plaintiff's attorney had conceded that proof of the statements and that they were false, was sufficient, regardless of the intent; and defendant's attorney had conceded that fraud need not be proved in this case. Just prior to the beginning of the evidence, he said:

"I think the whole question is really one of whether or not the stock subscription contract was procured by means of misrepresentation."

And in discussing the instructions he said:

"It does not seem to be a case in which there would be a question of construing the misrepresentations, or the making of them, as either honest or dishonest. There is no question in this case as to whether the transaction was fair or unfair."

Defendant in error cites several cases, some of which appear to support the court's ruling. No one of them, however, is squarely in point, and in none of them is the reasoning of the court persuasive.

The cases of *Johnson v. Gulick,* 46 Nebr. 817, 65 N. W. 883, 50 Am. St. Rep. 629, and *Clark v. Rice,* 127 Wis. 451, 106 N. W. 231, 7 Ann. Cas. 505, are directly in point and against the position of the trial court.

We are of the opinion that upon principle and authority the evidence was not admissible. Defendant in error, however, contends that this objection was waived by plaintiff in error in asking an instruction which involved the law as to fraudulent representations. Plaintiff's counsel had strenuously objected to this evidence of similar representations, but in spite of such objections the evidence was admitted, and the case was to go to the jury upon that evidence. His duty to his client, therefore, was to have the jury properly instructed as to the law applicable to the evidence which they were permitted to consider. If a case is tried upon a theory to which counsel has made proper objection, the fact that he requested instructions which he

deemed necessary to the protection of his clent in the case as tried, does not preclude him from urging that the court erred in overruling his objections to the admission of evidence, or other action, in accord with the theory to which he objects.

Plaintiff in error urges that the court erred in admitting evidence upon the statements charged as misrepresentations, but held to be not actionable, and in giving instructions covering these representations. As the case must be reversed because of the errors above indicated, and it being unlikely that upon a new trial like rulings will be made, we do not pass upon such alleged errors.

. The judgment is reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BURKE not participating.