## No. 11,315.

## ALLEY, ET AL. *v.* TOVEY.

Decided December 14, 1925. Rehearing denied February 1, 1926.

Action for damages and for recovery of amount paid for rooming house furniture on a sale alleged to have been procured by fraud. Judgment for plaintiff.

*Affirmed.*

### On Application for Supersedeas.

1. EVIDENCE—*Similar Transactions.* Evidence of similar transactions may be received to show intent when that is a necessary element of the case.

2. APPEAL AND ERROR—*Rulings on Evidence.* Objections to rulings on the admissibility of testimony will not be considered on review where no error is assigned concerning them.

3. EVIDENCE—*Similar Transactions—Time.* In admitting evidence of similar transactions courts should exercise their powers with due care and discrimination. As to the length of time over which the evidence should range, it is impossible to fix a general test; the circumstances of each case must determine.

4. APPEAL AND ERROR—*Sufficiency of Evidence.* In an action for damages for fraud in the selling of rooming house furniture, evidence reviewed and the contention that it is insufficient to support a judgment for plaintiff, overruled.

5. INSTRUCTIONS—*Requests.* Where the instructions as a whole, given by the court cover the case, there is no error in the refusal to give requested additional instructions.

6. *Conflicting Evidence.* The giving of a requested instruction which presupposes the existence of certain matters as undisputed, whereas they are very much in dispute, would constitute error.

7. *Body Judgment.* There is no prejudicial error in instructing the jury as to the law in relation to body judgments under the facts stated in the complaint, no body judgment having been awarded.

8.       *Must be Considered as a Whole.*  Instructions to the jury are
    to be considered as a whole and not in fragments.

*Error to the District Court of the City and County of Den-
ver, Hon. George F. Dunklee, Judge.*

Messrs. MORRISSEY, MAHONEY & SCOFIELD, Mr. HAROLD
G. KING, for plaintiffs in error.

Mr. HARRY S. CLASS, for defendant in error.

*Department One.*

MR. JUSTICE ADAMS delivered the opinion of the court.

ALLEY and Mrs. Foster, plaintiffs in error, were defend-
ants in the trial court.  They ask us for a supersedeas
and reversal of a judgment obtained against them by Mrs.
Tovey, who was plaintiff there and who is now defendant
in error.  We shall designate the parties according to
their respective positions in the trial court.

Mrs. Tovey bought the furniture of a small rooming
house from the defendant Mrs. Foster, the negotiations
therefor and the closing of the sale having been conducted
mainly through a business chance broker, acting as agent
for Mrs. Foster; namely, the other defendant, C. R. Alley
and his assistants in his business.

After the sale Mrs. Tovey brought suit against defend-
ants to recover damages in the amount paid on the pur-
chase price, with interest; also for cancellation of balance
due thereon and for exemplary damages.  She alleged fail-
ure of consideration and misrepresentation.  She got judg-
ment against both defendants for actual damages and also
recovered judgment for exemplary damages against the
defendant Alley only.  The balance due on the purchase
price for the furniture was represented by a note and
chattel mortgage, held by another party; it was otherwise
disposed of, and it is not necessary to talk about it in con-
nection with the issues between the parties before us.

The legal points to be considered relate to:  (1) Evidence of acts similar to the ones complained of, claimed to have been previously committed by one of the defendants; (2) the sufficiency of the evidence as a whole; (3) instructions to the jury.

1. *Evidence.*—Neither of the defendants assign error on the rejection of testimony and the defendant Foster assigns no error on the admission of testimony.  The only error assigned as to the admission of evidence by the trial court is by the defendant Alley only.  His objection relates to testimony of other former acts of a similar sort, claimed to have been previously committed by him.  The effect of this testimony was limited by the court to what it might show as to defendant's intent, or as to how it might indicate a system, plan or habit of doing that particular thing under similar circumstances.  Counsel for Alley argue that proof of intent was unnecessary, hence error, citing *Western Live Stock Loan Co. v. Creaghe,* 71 Colo. 334, 206 Pac. 795.  But in the case cited, counsel there conceded that it was unnecessary to prove fraud; the opinion distinguishes between necessary and unnecessary allegations; the rule is also there stated at page 337 of the opinion, that similar transactions may be proved to show intent when that is a necessary element of the case.  In the case now before us it was proper for the jury to consider intent in its bearing on the exemplary damages awarded against Alley, if for no other reason.

Counsel for Alley further argue that the previous acts, if committed, were too remote in point of time, citing, with other authorities, *Platt v. Walker,* 69 Colo. 584, 590, 196 Pac. 190, where evidence of such former acts was held inadmissible in that particular case for two reasons:  First, because the transaction was too remote in point of time, and, second, because it was dissimilar in character.

In the instant case, the previous transactions were of a similar character, thus removing one of the objections in *Platt v. Walker.*  As to the question of time, counsel for Alley point out that in that case the previous similar con-

duct was six months prior to the litigated transaction, whereas, in the case at bar, it was longer, from which they argue that the reception of such evidence was error. No error is assigned on the admission of any testimony except that of Mrs. Stillings; this objection is by defendant Alley. The witness testified to a similar act of Alley's said to have been committed about ten months before the one here complained of. Evidence of another witness related to another similar transaction in which Alley is claimed to have played a part, which had its inception at a time even more remote than the other. The last mentioned testimony concerned a previous deal of Alley's connected with the identical premises containing the furniture sold to the plaintiff in this case, but as no error was assigned concerning the latter testimony, we do not need to determine whether or not it should have been admitted.

The principle followed in *Platt v. Walker, supra,* that a previous similar transaction may be too remote in point of time to permit the introduction of such evidence, was taken from Wigmore on Evidence, the authority there cited. But Dean Wigmore did not go so far as to fix an arbitrary date or rule concerning the element of time; neither was it so intended in *Platt v. Walker;* nor would it be appropriate or right for us to assume to judicially legislate a calendar limitation for such evidence, and thereby attempt to make such a measurement equally applicable to all human conduct, regardless of the varying circumstances that are always present in the multitude of litigated cases. We think that to do so would tend to obstruct, rather than further the interests of justice. In one case it might be too long, but not so in another. Trial courts should exercise their powers in this behalf with due care and discrimination, and with this proviso, we are constrained to follow what is said in Wigmore on Evidence (2nd Ed.) § 321, p. 637, that "As to the length of time over which the evidence should range, it is equally impossible to fix a general test; the circumstances of each case must determine."

Applying the above to the present case, we think, from our examination of the record, that the trial court did not err in admitting the testimony in question.

2. *The Sufficiency of the Evidence as a Whole.*—Concerning the evidence as a whole, both defendants assign error on the general ground that such evidence is insufficient. The jury, however, have otherwise declared and we are not convinced that they are wrong. Counsel for defendant Alley have argued ably in a particular effort to disconnect him from responsibility for the acts of his assistants in dealing with plaintiff, but we fear to no avail, for an examination of Alley's own testimony and that of the other witnesses indicates that the jury might well have inferred such a close intimacy upon the part of Alley with the litigated facts, sufficient to justify the verdict.

It is very true, as counsel for defendants say, that plaintiff bought the household furniture, and did not buy nor lease the real estate, but it is also true, as defendants knew at the time the deal was consummated, that plaintiff bought the furniture for the sole purpose of conducting a small rooming house, where she might make a little money in that way; her anxiety and inquiries were directed to the question of the fitness of the premises for such purpose; the testimony was that she would not have bought the furniture except for the assurances of defendants or their representatives upon which she relied; Mrs. Foster lived in the place at the time the sale was made, and Alley, her agent, was and had been in charge of the premises for a considerable time; plaintiff knew of one little leak in the roof and had been told that arrangements had been made to repair it, but it seems that this was not so, and the roof was so badly in need of general repair that when it rained the paper came off the walls and plaintiff had to move her effects from place to place to protect them; she could not heat the premises; her roomers left, and finally she also left and surrendered possession because of the place being unfit as a place to live or for the purpose intended. Counsel for defendants think that from plaintiff's

inspection she might have anticipated the result, but to this we cannot agree.

3. *Instructions to the Jury.*—The first instruction asked by the defendants and which was refused by the court, was somewhat lengthy; it related to and defined all of the elements of fraud. It did not simply give a definition of what fraud consists, but went much further and instructed the jury that plaintiff could not recover *in any amount,* unless all of these elements were proven. Without entering into any criticism of such matter if it stood alone, the trouble with the instruction as requested was that it was so sweeping that it wholly deprived plaintiff of her plea of failure of consideration as one of the grounds of her complaint. Furthermore, by instruction No. 2½, as given to the jury, the court said: "The court instructs the jury that the burden of proof is upon plaintiff to establish fraud by a preponderance of the evidence. The evidence to prove fraud must be clear and convincing as all men are presumed to be honest."

The court also properly instructed the jury in regard to exemplary damages and further said in the fifth instruction given: "Nothing in these instructions is intended to convey to you that it is incumbent upon you if you find for the plaintiff, to assess exemplary damages, that being a matter exclusively within your discretion."

The above instructions and the instructions as a whole covered the case and it was not error for the court to refuse the first instruction requested by defendants.

The second instruction requested, presupposed the existence of certain matters as "undisputed," whereas, they were very much in dispute and it would therefore have been error to grant the instruction. The third instruction requested and refused assumed testimony that Alley or his agent Collins (a business employee of Alley's engaged in this deal), explained to plaintiff that they had no personal knowledge of the representations as made, an assumption not justified by the record. In any event, we think that the court gave all proper instructions concern-

ing fraud that defendants asked for; that these and other instructions were amply sufficient.

The fourth and last instruction requested by defendants, which was refused by the court, related to the burden of proof in fraud cases, but in all essential particulars it was covered by instruction No. 2½, above quoted. It was not necessary for the court to give substantially the same instruction a second time.

As to the instructions that were given, defendants objected to Nos. 1, 3, 4, and 7. No 1 was a correct statement of the issues, fair to both sides, and although objected to generally in the trial court, it is not mentioned in the assignments of error. No. 3 was in effect an instruction to find actual damages to plaintiff if the issue of the place being untenable for the purpose of conducting an apartment or rooming house was found from the evidence. The furniture was sold only for such purpose; it was covered by a chattel mortgage and was not for use elsewhere, as the parties knew. The essential facts were overwhelmingly established, and the jury apparently followed the evidence. Instruction No. 3 was confined to actual damages; it was also sufficiently explained by other instructions, and we find no reversible error in it.

Instruction No. 4 was objected to because in alleged conflict with No. 5, above quoted. The court modified it so that if it had at first conflicted, it did not conflict as given to the jury. No. 7 stated the law in relation to body judgments. A body judgment was prayed for under the facts stated in the complaint and there was no impropriety in the instruction. Furthermore, no body judgment was awarded.

We find no error in the trial court's refusal to give any requested instruction, nor in the instructions as given. Instructions are to be considered as a whole, and not in fragments. *Chicago Great Western Ry. Co. v. McDonough,* 161 Fed. 657, 88 C. C. A. 517.

Viewing the case in its entirety, it appears that after defendants had led plaintiff into a disappointment and loss

of time and money that was serious to her, she tried, through her attorney, to get an adjustment, but could not; and as a last resort, she went to court. We cannot turn her away, for although the evidence was conflicting, we think that it was sufficient as a basis for the relief awarded her, and that the record is devoid of reversible error.

For the above reasons, the supersedeas is denied and the judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE BURKE concur.