ASPEN PLAZA COMPANY, a Colorado Partnership, and Stephen J. Marcus, Plaintiffs-Appellants,

v.

James E. GARCIA, d/b/a Longhorn Dragon Two, Defendant-Appellee.

No. 82CA0475.

Colorado Court of Appeals, Div. III.

Nov. 8, 1984.

Garfield & Hecht, P.C., Katherine Hendricks, Jeremy Bernstein, Aspen, for plaintiffs-appellants.

Thomas Crumpacker, Aspen, for defendant-appellee.

METZGER, Judge.

Plaintiffs, Aspen Plaza Company and Stephen J. Marcus (lessors), appeal a jury verdict awarding lessee, James E. Garcia, d/b/a Longhorn Dragon Two, damages for constructive eviction. We affirm.

Lessee is an Aspen restaurateur who, from December 1976 until January 1980, operated his establishment under a ten-year commercial lease in lessor's shopping center. In January 1979, a blockage in the central sewage line resulted in the back-up of raw sewage into the restaurant. Lessee corrected the blockage without lessor's assistance, after lessor refused to do so. Ap-proximately one year later, the central sewage line backed up again, rendering the premises unsuitable for use as a restaurant. Lessor again refused to clean up the sewage, but demanded rent for April 1980. Lessee once more arranged and paid for repair and cleaning.

In May 1980, lessor began forcible entry and detainer (FED) proceedings to evict lessee for nonpayment of rent for April and May. Lessee failed to answer or appear, and a default judgment was entered against lessee on June 4, 1980. A writ of restitution issued on June 10, 1980. Lessor changed the locks on the premises, removed and discarded lessee's kitchen equipment and, in August 1980, amended its original FED complaint seeking damages, rent, and attorneys' fees. A second default judgment was entered against lessee on lessor's additional claims.

In October 1980, lessee moved to set aside the second default judgment. He also filed an answer to the amended complaint and a counterclaim alleging constructive eviction, and sought recovery of a lost security deposit and prepaid rent for approximately $2,900, as well as cleaning expenses, reimbursement for the kitchen equipment, lost profits, and punitive damages. The second default judgment was set aside in December 1980, and the issue of constructive eviction was tried to a jury in January 1982. The jury found against lessor and judgment was entered in the amount of $4,090 for lessee on his counterclaim.

On appeal, lessor contends that the first default judgment entered against lessee in June 1980 was *res judicata* as to the issue of possession, thereby precluding the determination at trial of lessee's constructive eviction. We disagree.

■ Judgment by default is *res judicata* as to those matters pled and determined. *Golden Cycle Corp. v. Cresson Consolidated Gold Mining & Milling Co.,* 497 P.2d 714 (Colo.App.1972) (not selected for official publication); *see* 1B *Moore's Federal Practice* § 409[4] (2d ed. 1976). How-

ever, this principle applies only if the court had jurisdiction of the subject matter and of the defendant. *DeBoer v. District Court,* 184 Colo. 112, 518 P.2d 942 (1974).

 Here, the issue of possession was properly determined, *see* § 13–40–115(1), C.R.S., and is, therefore, *res judicata. See Stone v. Lerner,* 118 Colo. 455, 195 P.2d 964 (1948). Nevertheless, resolution of this issue does not preclude a determination of lessee's constructive eviction, since that issue related to damages, not to possession.

At the time the default judgment for possession was entered, service had been made upon lessee by posting pursuant to § 13–40–112(2), C.R.S. (1983 Cum.Supp.). The trial court properly continued the case for further hearing on the issues of damages, rent, and attorneys' fees until lessee was personally served. Section 13–40–115(1), C.R.S. Hence, because these issues could not have been decided at the time the first default judgment (for possession) was entered, they cannot be *res judicata* as to the issue of lessee's constructive eviction.

For similar reasons we reject lessor's contention that, since judgment for possession was entered for lessor by virtue of the first default judgment, lessee's counterclaim for damages, based on the theory of constructive eviction, should have been dismissed as a matter of law.

Lessor next contends that prejudicial error arose by the trial court's refusal to give its proffered instructions regarding lease interpretation and the effect of a default judgment. We disagree. Where, as here, if the instructions as a whole correctly state the law of the case and treat the parties fairly, there is no error in a court's failure to give additional instructions. *Denver City Tramway Co. v. Brumley,* 51 Colo. 251, 116 P. 1051 (1911).

Finally, lessor contends that there was insufficient evidence to support the jury's verdict. A review of the record belies this assertion.

Claiming that lessor's appeal is frivolous, lessee has requested this court, pursuant to C.A.R. 38(d), to award $4,570 for attorneys' fees, plus expenses incurred. While we do not condone the actions of lessor's attorneys, we nevertheless conclude that the issues raised are not totally without merit. Accordingly, we deny lessee's request for an award of attorney fees.

The judgment is affirmed.

KELLY and TURSI, JJ., concur.