Douglas O'NEAL, Donald Wendling, and Daniel Fodor, Plaintiffs-Appellees,

v.

RELIANCE MORTGAGE CORPORA-TION, a Colorado corporation, Defendant-Appellant.

No. 84CA0840.

Colorado Court of Appeals, Div. III.

May 22, 1986.

Bettenberg, Miller, Makkai & Dowdle, Patrick D. Dowdle, Randall C. Arp, Denver, for plaintiffs-appellees.

Silver & Hayes, P.C., Jack Silver, Peggy E. Stevens, Warren A. Robinson, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Reliance Mortgage Corp., appeals the judgment in favor of plaintiffs, Douglas O'Neal, Donald Wendling, and Daniel Fodor, entered on jury verdicts finding defendant negligent in the handling of each plaintiff's separate application for a housing loan guaranteed by the Veterans Administration. Defendant alleges error in the denial of its motion for separate trials, in the denial of its motion *in limine*, and in the refusal to give a limiting instruction to the jury at trial. We affirm.

During the summer of 1980, plaintiffs submitted separate applications to defendant for home purchase loans to be guaranteed by the Veterans Administration. In their complaint, plaintiffs alleged negligence and fraud by defendant in its failure promptly and properly to process their loans which resulted in a higher interest rate being applied to their loans. Plaintiffs also sought exemplary damages. The judge (pretrial judge) who heard all matters before trial was not the trial judge.

Prior to trial, defendant filed a C.R.C.P. 42(b) motion for separate trials alleging that joinder was improper under C.R.C.P. 20(a). At the hearing on the motion, the pretrial judge found that joinder under C.R.C.P. 20(a) was proper, but he reserved ruling on whether defendant would be prejudiced by a joint trial until after a hearing on a motion *in limine* regarding the alleged prejudice. The pretrial judge then denied defendant's C.R.C.P. 42(b) motion with leave to renew the motion depending on the ruling on the motion *in limine*.

Defendant then filed a motion *in limine* to prohibit each plaintiff from introducing evidence of any other loan transaction involving defendant other than the transaction involved in that plaintiff's claim. After the hearing on the motion, the pretrial judge ordered a bifurcated trial on the issues of compensatory and exemplary damages. The pretrial judge denied defendant's motion *in limine*, but ordered that each plaintiff's claim for compensatory damages be submitted separately to the jury, and that the jury be instructed that "each Plaintiff's claims for compensatory damages must stand on the strength of each Plaintiff's own claims."

**1232**

At the conclusion of plaintiff's case to the jury, the trial court dismissed the fraud claims of each plaintiff. An instruction proffered by defendant regarding individual consideration of each plaintiff's claim was refused by the trial court. The jury awarded compensatory damages to each plaintiff on his claim in negligence, but at the second phase of the bifurcated trial, found for defendant against plaintiffs on the issue of exemplary damages.

Since defendant's C.R.C.P. 42(b) motion and its motion *in limine* go to the common issue whether separate trials were required, the allegations of error concerning the denial of these motions will be considered together. We find no error.

Because defendant's C.R.C.P. 42(b) motion is premised on improper joinder under C.R.C.P. 20(a), we first determine whether there was a proper joinder under C.R.C.P. 20(a). *See Sutterfield v. District Court,* 165 Colo. 225, 438 P.2d 236 (1968). Permissive joinder under C.R.C.P. 20(a) is proper if the plaintiffs assert any right to relief jointly, severally, or in the alternative in respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all plaintiffs will arise in the action. *Western Homes, Inc. v. District Court,* 133 Colo. 304, 296 P.2d 460 (1956). In view of the full protection allowed by C.R.C.P. 42(b), it is desirable to give the broadest possible reading to the permissive language of C.R.C.P. 20. *Sutterfield v. District Court, supra.*

■ Here, defendant participated in a series of transactions during the summer of 1980 concerning loans for housing to be guaranteed by the Veterans Administration. Even though defendant dealt separately with each plaintiff, the loan transactions represent a series of occurrences of similar type, preparation, and construction, with similar purpose and goal. *See Vulcan Society v. Fire Department of White Plains,* 82 F.R.D. 379 (S.D.N.Y.1979). Thus, under a broad reading of C.R.C.P. 20, we conclude that these claims arise out of the same series of transactions as required

by the rule. *Cf. Western Homes, Inc. v. District Court, supra.*

Further, the factual issue of what would constitute the reasonable processing of a loan within the regulations and procedures of the Veterans Administration, and the legal issue whether defendant owed a duty of promptness in the processing of each plaintiff's loan application, were, among others, common questions of fact and law which would arise at trial. Therefore, we hold that the trial court did not err in ruling that the requirements of C.R.C.P. 20(a) for permissive joinder were met in this case.

Under C.R.C.P. 42(b) a trial court has discretion to order separate trials, and its order will not be disturbed in the absence of a clear showing that there has been an abuse of that discretion. *Prudential Property & Casualty Insurance Co. v. District Court,* 617 P.2d 556 (Colo.1980). An abuse of discretion occurs if failure to order separate trials virtually assures prejudice to a party. *Prudential Property & Casualty Insurance Co. v. District Court, supra.*

■ Defendant alleged in its motion *in limine* that each plaintiff's successive testimony would result in inadmissible "similar transaction" evidence, *see* CRE 404(b), and thus, would assure prejudice to the defendant because one plaintiff would be able to rely upon the other plaintiffs' evidence to prove his claims against defendant. We agree that similar transaction evidence is inadmissible to show negligence on the part of a defendant. *See City & County of Denver v. Brubaker,* 97 Colo. 501, 51 P.2d 352 (1935); *Diamond Rubber Co. v. Harryman,* 41 Colo. 415, 92 P. 922 (1907). However, such evidence is admissible to show intent to defraud. *See Alley v. Tovey,* 78 Colo. 532, 242 P. 999 (1925); *cf. College v. Scanlan,* 695 P.2d 314 (Colo. App.1985).

■ Plaintiffs alleged claims for both fraud and negligence. Thus, the similar transaction evidence was admissible for one purpose but not for another. In such

cases, the evidence may be admitted with a limiting instruction. *See* CRE 105; *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959). In light of the pretrial judge's ruling that a limiting instruction be given, we conclude that there was no "virtually assured" prejudice at that stage of the proceedings. Therefore, the pretrial judge did not err in denying defendant's motion *in limine* and for separate trials.

Defendant also contends that the trial court erred in refusing to give to the jury its tendered limiting instruction, and that this error caused actual prejudice to defendant. We conclude that defendant has not demonstrated any such prejudice.

The pretrial judge ordered that the jury be instructed that "each Plaintiff's claims for compensatory damages must stand on the strength of each Plaintiff's own claims." The trial court did not give an instruction in these words. However, the trial court did give separate instructions defining each separate claim of each plaintiff, and further instructed that the elements for recovery must be proved by a preponderance of the evidence "with respect to each plaintiff." In addition, the trial court gave a separate damages instruction for each plaintiff, prefacing the instruction with the words, "If you find in favor of the plaintiff, [name]...."

■ We conclude that the trial court complied with the spirit of the pretrial judge's order and that the instructions as a whole were adequate to separate sufficiently the issues as to the claim of each plaintiff for the jury's consideration. *See Aspen Plaza Co. v. Garcia,* 691 P.2d 763 (Colo.App.1984). The jury returned separate verdict forms for each plaintiff, and we presume the jurors followed the trial court's instructions to evaluate each plaintiff individually with respect to the elements of recovery. *See Elk River Associates v. Huskin,* 691 P.2d 1148 (Colo.App. 1984).

■ However, defendant claims that the pretrial order requires that an instruction be given that the jury not consider the "similar transaction" evidence in evaluating a plaintiff's claim for negligence. We do not so read the order, but, in any event, if defendant desired such a limiting instruction, it was incumbent upon it to request that type of instruction at trial. *See* CRE 105; *Stull v. People, supra.*

■ Defendant has not submitted a record of the trial, so we are unable to determine whether such a limiting instruction was requested at the time the evidence was proffered. Further, defendant's tendered instruction following the close of evidence did not limit consideration by the jury of the "similar transaction evidence." Rather, it merely instructed the jury to "consider each of these cases individually and weigh them on their individual merits and not upon what you believe to be the merits or weaknesses of the cases" of the other plaintiffs. The subject of this instruction was adequately covered by the totality of the trial court's other instructions. *See Aspen Plaza Co. v. Garcia, supra.* Therefore, we hold that the trial court did not err in denying defendant's tendered instruction.

The judgment is affirmed.

KELLY and TURSI, JJ., concur.