Emil MAGLIOCCO, Jr.,
Plaintiff–Appellant and
Cross–Appellee,

v.

Olga OLSON, as Guarantor, Defendant,

Thomas R. Olson d/b/a The Comfort King, Defendant–Appellee and Cross–Appellant.

No. 84CA1167.

Colorado Court of Appeals,
Div. III.

Dec. 17, 1987.

Rehearing Denied Feb. 4, 1988.

Certiorari Denied Oct. 11, 1988.

Morrison & Foerster, Robert F. Hanley, Steven M. Kaufmann, Mark E. Haynes, Denver, for plaintiff-appellant and cross-appellee.

Brown & Lewis, Huntington C. Brown, Case & Lacerte, John Case, Lee Jay Belstock, Denver, for defendant-appellee and cross-appellant.

TURSI, Judge.

Plaintiff, Emil Magliocco, Jr., (landlord) appeals the judgment of the trial court awarding defendant, Thomas R. Olson (tenant), damages on his counterclaim for trespass. He asserts the trial court erred: (1) by determining he had trespassed on tenant's leasehold and (2) by denying him award of costs and attorney fees. Tenant cross-appeals and asserts the trial court

erred in denying his counterclaim for damages for wrongful eviction. We agree with landlord's contentions, reject tenant's contention and, therefore, reverse in part and affirm in part.

Landlord is the representative and a partner in the partnership which owns the Alameda Square Shopping Center. He executed a lease with Pay Less Drugstores Northwest, Inc. (Pay Less) for retail space in the shopping center.

Pay Less sublet the premises to tenant incorporating the terms of the original lease in the sublease. Tenant was an individual doing business as "The Comfort King" and resided in California. Defendant Olga Olson was the guarantor of tenant's obligations under the sublease.

Tenant never opened a retail business on the premises. He attempted to sublet the space and obtained two tenants briefly in 1980 and 1981. Otherwise the premises remained vacant, were vandalized, and became an eyesore. The other tenants in the shopping center complained to landlord.

In February 1982, Recreational Equipment, Inc., (REI) expressed an interest in leasing the premises. Landlord and his leasing agent contacted tenant and asked if he wanted to sublease the space. Tenant refused to pay a commission to the leasing agent, requested a rent amount which far exceeded the sum REI was willing to pay, and generally showed no real interest in subleasing the premises.

Landlord's leasing agent, without requesting tenant's permission, showed the premises to REI on behalf of the landlord. Negotiations began and letters of intent were exchanged between REI and landlord. However, no lease was executed.

In May 1982, tenant sent Pay Less checks for the rent and property taxes. Tenant's bank wrongfully dishonored the checks, placing him in default under the sublease. Tenant also owed other monies for merchant association dues, water charges, and sprinkler system repairs.

Pay Less advised landlord that it was having problems with tenant and wanted to get out of the lease. In June 1982, landlord and Pay Less agreed to terminate their lease, Pay Less assigned its rights in the sublease to landlord, and landlord paid Pay Less the amount tenant owed it.

Landlord notified tenant that he had three days in which either to pay up or deliver possession of the premises pursuant to § 13–40–104, C.R.S. (1987 Repl.Vol. 6A). This notice was served by posting the property on July 2, 1982, and by sending it certified mail to tenant. The mailed notice was received by tenant in California on July 5, 1982.

Landlord filed this forcible entry and detainer (F.E.D.) action against tenant on July 7, 1982. Service of the summons and complaint was by posting pursuant to § 13–40–112(2), C.R.S. (1987 Repl.Vol. 6A), and tenant had actual notice of the action.

Tenant contacted his Denver attorney and authorized him to proceed in the matter. The F.E.D. possession action was set for July 19, 1982. Tenant's attorney knew about the return date but did not file pleadings contesting the possession issue and did not appear at the hearing. Furthermore, he informed landlord's attorney he would not contest the possession issue.

The trial court entered an oral order of default judgment granting landlord possession of the premises. A written order was entered August 27, 1984, *nunc pro tunc* July 19, 1982. Landlord executed a lease with REI in October 1982.

By stipulation, tenant was permitted to file a late answer after the default judgment for possession was entered. He did not assert a defense of inadequate notice. However, he later filed an amended answer in which he counterclaimed, in part, that landlord had failed to give notice of default as required by the sublease and sought possession of the premises and damages for wrongful eviction.

The trial court denied a motion by tenant to set aside the default judgment for possession and trial was had to the court. It awarded landlord $28,928.94 on his claim for damages against tenant as monies due pursuant to the sublease. This amount is not contested on appeal.

The trial court denied tenant's counterclaim for wrongful eviction. It determined that, by application of the doctrine of *res judicata*, all of his rights of possession were extinguished by the July 19, 1982, default judgment. Alternatively, it determined, in part, that tenant had waived his rights regarding default notice pursuant to the sublease.

The trial court allowed tenant to amend his pleadings to conform with the evidence at trial to add a counterclaim for trespass against landlord. It awarded tenant damages for trespass equal to the damages it awarded landlord for tenant's default under the lease. It denied both parties attorney fees.

## I

First, we will address tenant's issue on cross-appeal. He asserts the landlord's demands for possession were wrongful in that he did not give him the three-day notice required by § 13–40–104(1)(d) and (e), C.R.S. (1987 Repl.Vol. 6A), nor did he comply with the 60–day notice provision of the sublease. Therefore, he maintains, the trial court erred in denying him damages for wrongful eviction. We disagree.

### A

■ Tenant first argues the trial court did not have jurisdiction to enter judgment for possession on July 19, 1982, because he was not properly served the three-day notice before the action was filed.

When a tenant is in default on the rent under a lease, the landlord must give notice in writing requiring, in the alternative, payment of rent or possession of the premises at least three days before the landlord may file an unlawful detention action. Section 13–40–104(1)(d) and (e); *Perry v. White*, 69 Colo. 234, 193 P. 543 (1920). Such notice of demand for possession of real property may be served by posting in a conspicuous place on the premises. Section 13–40–108, C.R.S. (1987 Repl.Vol. 6A).

Here, landlord posted notice on the premises five days before the F.E.D. action was filed. Although tenant did not personally receive the mailed notice three days prior to the commencement of the action, the posting of the notice was sufficient to satisfy the three-day notice requirement and provide jurisdiction for entry of the judgment for possession.

■ Tenant also argues the judgment for possession cannot be *res judicata* on the possession issue because *res judicata* requires a final order or judgment. However, entry of a default judgment on the issue of possession properly entered pursuant to § 13–40–115(1), C.R.S. (1987 Repl. Vol. 6A), is a final order and is *res judicata* on the issue. *Aspen Plaza Co. v. Garcia*, 691 P.2d 763 (Colo.App.1984); *Sun Valley Development Co. v. Paradise Valley Country Club*, 663 P.2d 628 (Colo.App. 1983).

### B

■ Tenant asserts that even if there was a proper judgment for possession, the trial court erred by concluding that judgment for possession extinguished all of his rights arising from his right of possession based on the doctrine of *res judicata*. We agree, but find no reversible error.

The F.E.D. statute provides for a bifurcated proceeding when service is by posting. One hearing is to determine possession of the premises, and a trial or further hearing to determine rent, damages, and attorney fees after personal service is made may be held. Section 13–40–115, C.R.S. (1987 Repl.Vol. 6A); *Aspen Plaza Co. v. Garcia, supra*.

The only issue that was determined at the July 19, 1982, hearing was who had the right to possess the premises. The case was properly continued for further hearing on all other issues until tenant was personally served. *Aspen Plaza Co. v. Garcia, supra*. Therefore, the judgment for possession was not *res judicata* barring tenant's claim for damages based on wrongful eviction.

However, the trial court correctly concluded that while landlord had failed to comply with the default notice provision of

the sublease, the tenant waived his right to that notice.

■ Waiver is the voluntary or intentional relinquishment of a known right. *Ewing v. Colorado Farm Mutual Casualty Co.,* 133 Colo. 447, 296 P.2d 1040 (1956). Waiver of provisions of a lease may be inferred when a party engages in conduct which manifests an intent to relinquish the right or acts inconsistently with its assertion. *Department of Health v. Donahue,* 690 P.2d 243 (Colo.1984); *Blazis v. Orlinski,* 738 P.2d 62 (Colo.App.1987). The conduct must be free from ambiguity and clearly manifest the intention not to assert the right. *Department of Health v. Donahue, supra.*

Here, tenant had a right to 60–days notice pursuant to the lease before the landlord could bring summary proceedings pursuant to the F.E.D. statutes. He received actual notice of landlord's demand to either pay up or deliver possession of the premises pursuant to the F.E.D. statutes. He contacted his Denver lawyer and authorized him to proceed. His attorney knew about the return date on the F.E.D. action but did not appear or file any pleadings contesting the possession issue. Furthermore, tenant's attorney informed landlord's attorney that he would not contest the possession issue.

■ We conclude the tenant thereby waived his right to the 60–day notice. His attorney's representation that he would not contest possession of the property was unambiguous conduct showing that he did not intend to assert his right to the notice before he was dispossessed. Choice of litigation tactics, including waiver, lies within the scope of an attorney's implied authority, and the client is bound by his attorney's actions. *Cordillera Corp. v. Heard,* 41 Colo.App. 537, 592 P.2d 12 (1978), *aff'd,* 200 Colo. 72, 612 P.2d 92 (1980).

Accordingly, tenant is barred from claiming damages for wrongful eviction based on the landlord's failure to give the contractual 60–day notice.

II

Landlord asserts the trial court erred by concluding he was liable for trespass. He admits that his agents entered the premises during tenant's leasehold to show them to potential tenant REI and did so without specific permission from tenant. However, he maintains he had the right to enter the premises pursuant to the sublease. We agree.

■ Trespass is an entry upon the real estate of another without the invitation or permission of the person lawfully entitled to possession of the real estate. *Plotkin v. Club Valencia Condominium Ass'n,* 717 P.2d 1027 (Colo.App.1986).

Here, the lease provided: "[T]he landlord, or its agents or representatives, may at reasonable times enter into or upon said premises or any part thereof for the purpose of examining the condition thereof. . . ." Under the circumstances of this case, this language subsumes with it the right to show the premises while examining their condition. Furthermore, there was no evidence that the entry was unreasonable. Therefore, landlord had permission to enter the premises pursuant to the terms of the lease.

Thus, we conclude the trial court committed reversible error by determining that landlord trespassed on tenant's leasehold.

III

■ Landlord also asserts he is entitled to attorney fees and costs as the prevailing party pursuant to the lease. We agree.

The lease provides that in any action for damages for breach of the agreement, the unsuccessful party shall pay the successful party's costs and disbursements provided by statute and reasonable attorney fees, including those incurred on appeal.

The trial court denied both parties costs and attorney fees based on the off-setting nature of its judgment. However, since we are reversing the judgment against landlord for trespass, the awards are no longer off-setting. Landlord is the prevailing party and is, therefore, entitled to costs and attorney fees under the lease.

The portion of the judgment relating to trespass and attorney fees is reversed. In all other respects the judgment is affirmed. The cause is remanded to the trial court for proceedings consistent with this opinion.

STERNBERG and BABCOCK, JJ., concur.