Edith WOOLSEY, Plaintiff–Appellant,

v.

HOLIDAY HEALTH CLUBS AND FITNESS CENTERS, INC. Defendant–Appellee.

No. 90CA1356.

Colorado Court of Appeals, Div. III.

Oct. 24, 1991.

Epstein & Lawrence, P.C., Scott W. Lawrence, Denver, for plaintiff-appellant.

Hall & Evans, Alan Epstein, Denver, for defendant-appellee.

Opinion by Judge DUBOFSKY.

In this wrongful death action, plaintiff, Edith Woolsey, appeals from a jury verdict in favor of defendant, Holiday Health Clubs and Fitness Centers, Inc. By special verdicts, the jury found that defendant was not negligent and did not cause the plaintiff's losses. We affirm.

On March 12, 1985, plaintiff's husband, a longtime member of defendant's health club, was found partially submerged and unconscious in one of the club's whirlpools. Because of oxygen deprivation, Mr. Woolsey suffered a significant brain injury, and he died approximately a year later from complications arising from the initial injury.

Plaintiff thereafter brought this wrongful death negligence action against defendant. She alleged that defendant was negligent in failing to supervise the whirlpool area and in failing to warn of the risks and hazards associated with the use of a whirlpool.

I.

Plaintiff contends that the trial court erred in refusing to instruct the jury that defendant owed a legal duty to decedent to supervise the whirlpool area and to warn of the hazards of whirlpool use. Plaintiff claims that, because the jury was not so instructed, the jury was free to determine that no duty was owed to the plaintiff. Thus, she argues, by failing properly to instruct the jury on the duty issue, the court erroneously permitted the jury to determine what was a question of law for the court. We perceive no error.

In a negligence action, it is the responsibility of the court, not the jury, to determine the existence and scope of a duty owed to an injured party. *See University of Denver v. Whitlock*, 744 P.2d 54 (Colo.1987); *White v. Pines Enterprises*, 728 P.2d 759 (Colo.App.1986).

The factors to be considered by the court in determining if a duty exists include the foreseeability and likelihood of harm, the magnitude of the burden placed on defendant to guard against injury, the consequences of placing that burden on defendant, and the social utility of defendant's conduct. *See Lyons v. Nasby*, 770 P.2d 1250 (Colo.1989); *University of Denver v. Whitlock, supra.*

Here, the court refused plaintiff's instruction that defendant had a legal duty to supervise the whirlpool area and to warn about risks and hazards associated with the use of a whirlpool. We conclude that it was not error for the trial court to refuse plaintiff's tendered instruction. Furthermore, we determine that, under the circumstances of this case, it was not error for the trial court to fail to modify defendant's instruction and give a more generalized one which merely indicated defendant had a legal duty to act reasonably toward decedent.

Here, the court submitted several different jury instructions which correctly stated the law and adequately covered the duty concept.

One instruction, based on *CJI–Civ.3d* 9:1 (1988), indicated that in order for the plaintiff to recover from defendant, the jury would have to find that the defendant was negligent and that its negligence caused the plaintiff's damages. That instruction further stated that if the jury found these propositions were proved by the evidence, *i.e.*, negligence, causation, damages, then the verdict *must* be for the plaintiff unless decedent was contributorily negligent, in which case the verdict must be apportioned in relationship to the negligence of the defendant and decedent.

Another instruction, based on *CJI–Civ.3d* 9:4 (1988), defined negligence as meaning a failure to do an act which a reasonably careful person would do or the doing of an act which a reasonably careful person would not do. Reasonable care was then defined as that degree of care which a reasonably careful person would use under the same or similar circumstances. *See CJI–Civ.3d* 9:6 (1988).

Another instruction indicated that the practices of trade industries did not establish a standard of care for a health club, but rather the jury should determine what a reasonable health club would have done under similar circumstances.

These instructions, when read together, tell the jury that, if it determined defendant acted negligently and this negligence caused the decedent's death, then it must appropriately compensate the plaintiff. These instructions, in effect, inform the jury that defendant had a legal duty to act reasonably toward the decedent. The instruction directing the jury that it *must* return a verdict for plaintiff if negligence, causation, and damages are proven is equivalent in effect to an instruction that there exists a legal duty of reasonable care by defendant to decedent and that, if defendant's negligence caused damages to the plaintiff, then the jury must compensate the plaintiff. Accordingly, the jury here was adequately instructed on the duty issue.

■ Since the jury instructions adequately and substantially covered the concept of duty, it was not prejudicial error to have refused plaintiff's proffered instruction. *See Montgomery Ward & Co. v. Kerns*, 172 Colo. 59, 470 P.2d 34 (1970); *O'Neal v. Reliance Mortgage Corp.*, 721 P.2d 1230 (Colo.App.1986).

Furthermore, the court's instruction to the jury that it should determine what a reasonable health club would have done under similar circumstances, when read in conjunction with the other instructions given, also indicates that if the health club acted unreasonably, then the jury's verdict must be for the plaintiff. This instruction also states a duty of reasonable care is owed by defendant to the decedent.

■ Plaintiff argues that since the instructions given here did not explicitly state that the trial court had determined there was a legal duty owed by defendant to decedent, they erroneously left open the opportunity for the jury to base its verdict on a conclusion that the defendant did not owe a duty to the decedent. Plaintiff argues that the jury may not have followed the mandatory language of the jury instructions and might have decided this case adversely to plaintiff because it determined that there was no duty owed to the decedent.

■ However, it is presumed that the jury followed the court's instruction in rendering its verdict. *Heller v. Lexton–Ancira Real Estate Fund, Ltd.*, 809 P.2d 1016 (Colo.App.1990). We therefore reject plaintiff's argument to the contrary.

While some courts use the term "duty" to help define responsibilities of a defendant in a negligence case, most do not. *See* 65 C.J.S. *Negligence* § 1(2); E. Devitt, C. Blackmar & M. Wolf, *Federal Civil Practice & Jury Instructions*, 132–135 (4th ed. 1987).

Moreover, plaintiff has failed to demonstrate either that the case was tried by defendant on the basis that it did not have a legal duty to decedent or that the jury was influenced to decide the case on that basis. For example, the statement of the case instruction sets forth plaintiff's claim that defendant was negligent in failing to supervise and warn. As it was throughout the trial, defendant's response to this claim was that it was not negligent in failing to provide different or better warnings or to better supervise. Defendant did not claim to the jury that it had no obligation or duty to act reasonably toward the decedent.

■ The plaintiff finally argues that if her proposed jury instruction was incorrectly worded, the trial court had an obligation to help restate it so that it accurately reflected the law. We agree that it would not have been error for the trial court to have given a generalized duty instruction, *i.e.*, defendant had a duty to act reasonably toward decedent; however, we conclude that the court did not err in refusing to give plaintiff's proposed instruction or to modify it. *See Grand Trunk Ry. v. Ives*, 144 U.S. 408, 12 S.Ct. 679, 36 L.Ed.

485 (1892); *Zertuche v. Montgomery Ward & Co.,* 706 P.2d 424 (Colo.App.1985). Here, the instructions given adequately covered the duty concept.

We also agree with the trial court's analysis that the instruction submitted by plaintiff was too specific and could have had the effect of directing a verdict in plaintiff's favor. *See Rogers v. Kasdan,* 612 S.W.2d 133 (Ky.1981).

Judgment affirmed.

TURSI and RULAND, JJ., concur.