Janice L. LAWRENCE; Sally A. McGruder, a/k/a Ardyce E. McGruder; and Jacquelyn A. Hill, Plaintiffs–Appellees,

v.

BUENA VISTA SANITATION DISTRICT, a Colorado municipal corporation, Defendant–Appellant.

No. 98CA2245.

Colorado Court of Appeals, Div. V.

Sept. 30, 1999.

Andrew T. Brake, P.C., Brian L. Lewis, Englewood, Colorado, for Plaintiffs–Appellees.

Hall & Evans, L.L.C., David R. Brougham, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge DAVIDSON.

In this action for damages based on the alleged contamination of real property, defendant, Buena Vista Sanitation District, appeals from the trial court order denying its motion under the Governmental Immunity Act, § 24–10–101, et seq., C.R.S.1999 (the Act), to dismiss a trespass claim brought by plaintiffs Janice L. Lawrence, Sally A. McGruder a/k/a Ardyce E. McGruder, and Jacquelyn A. Hill. We reverse and remand with directions to dismiss the trespass claim.

Plaintiffs' complaint alleged that leakage or discharge from defendant's wastewater treatment facility had contaminated their property. Plaintiffs asserted claims for trespass, negligence, negligence per se, and outrageous conduct. The trial court later granted plaintiffs' motion to dismiss voluntarily the outrageous conduct claim.

Defendant filed a motion seeking dismissal of plaintiffs' trespass claim on the grounds that there was no waiver of immunity for such claims against public water or sanitation facilities. The trial court denied defendant's motion. Defendant then commenced this interlocutory appeal pursuant to § 24–10–108, C.R.S.1999.

Defendant contends that the trial court erred in concluding that the Act does not bar plaintiffs' trespass claim. We agree.

Section 24–10–106, C.R.S.1999, provides that sovereign immunity shall be a bar to any action against a public entity for injuries which lie in tort or could lie in tort, except as provided in other specified statutory sections.

■ Because governmental immunity is in derogation of Colorado's common law, the legislative grant of immunity is to be strictly construed and exceptions to such immunity are to be interpreted narrowly to avoid imposing liability for which the statute does not specifically provide. *See City & County of Denver v. Gallegos,* 916 P.2d 509 (Colo.1996); *Bertrand v. Board of County Commissioners,* 872 P.2d 223 (Colo.1994) (grant of immunity to be strictly construed); but see *Walton v. State,* 968 P.2d 636 (Colo.1998) (waiver provisions to be deferentially construed in favor of victims injured by negligence of governmental agents).

■ Interpretation of the Act is a question of law, rather than a factual determination. Accordingly, the trial court's interpretation is subject to independent review. *Fogg v. Macaluso,* 892 P.2d 271 (Colo.1995).

■ Defendant contends that § 24–10–106(4), C.R.S.1999, bars trespass claims in damage actions against public water or public sanitation facilities. That section provides as follows:

No rule of law imposing absolute or strict liability shall be applied in any action against a public entity or a public employee for an injury resulting from a dangerous condition of, or the operation and maintenance of, a public water facility or public sanitation facility. No liability shall be imposed in any such action unless negligence is proven.

Plaintiffs argue at length that a trespass claim is not a "rule of law imposing absolute or strict liability." However, regardless of whether plaintiffs are correct, § 24–10–106(4) still requires a plaintiff to prove negligence in any action against a public water facility or public sanitation facility. This is confirmed by the statute's legislative history, which reveals that the General Assembly intended not only to eliminate rules of strict or absolute liability in such actions but also to require proof of negligence as a prerequisite to any recovery. *See* Hearing on S.B. 112 before the House Agriculture Committee, 56th General Assembly, First Session (April 9, 1987).

■ Trespass and negligence are fundamentally separate and distinct causes of action. And, unlike a claim based in negligence, a trespass claim does not require proof of a legal duty or an applicable standard of care. *Gerrity Oil & Gas Corp. v. Magness,* 946 P.2d 913 (Colo.1997). Rather, trespass is simply the physical intrusion upon

**256**

property of another without the permission of the person lawfully entitled to the possession of the real estate. *Magliocco v. Olson,* 762 P.2d 681 (Colo.App.1987).

In our view, allowing plaintiffs to pursue a trespass claim in this case is directly at odds with the requirement in § 24–10–106(4) that negligence be proven to establish liability in such actions.

■ In denying ·defendant's motion, the trial court noted there was "nothing in the [Act] that specifically bars a claim of trespass." However, by requiring proof of negligence to recover in *any action* of this type, the General Assembly effectively precluded claims, including trespass, that allow recovery without such proof.

■ The trial court also noted that "even if trespass does not specifically require an element of negligence, the [Act] merely changes the standard which is to be applied." Presumably, the trial court meant that plaintiffs' trespass claim should be allowed but that any recovery on that claim would require proof of negligence. However, this additional requirement would effectively transform a trespass claim into a negligence claim. Furthermore, Colorado law does not recognize negligence-based trespass claims. *See Burt v. Beautiful Savior Lutheran Church,* 809 P.2d 1064 (Colo.App.1990); see also *Verzuh v. Rouse,* 660 P.2d 1301 (Colo. App.1982).

We conclude that, in actions for injuries resulting from a dangerous condition of, or the operation and maintenance of, a public water facility or public sanitation facility, § 24–10–106(4) operates to bar claims that would otherwise allow recovery without a showing of negligence.

The portion of the trial court's order denying defendant's motion to dismiss plaintiffs' trespass claim is reversed, and the cause is remanded with instructions to enter a judgment of dismissal as to the trespass claim.

Judge TAUBMAN and Judge KAPELKE concur.